CITY OF BOSTON *vs.* CITY OF CHELSEA.

Suffolk.   December 4, 1961. — January 25, 1962.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE,
& SPIEGEL, JJ.

*Settlement.   Old Age Assistance.   Public Welfare.*

By reason of the sentence added to G. L. c. 116, § 2, by St. 1943, c. 379,
that "No person residing in an incorporated charitable institution . . .
shall . . . lose a settlement . . . while residing therein," a settlement in
a city acquired by a recipient of old age assistance was not lost later by
her taking up residence in a charitable home for the aged located in
another city; the provision of c. 118A, § 1, as amended through St. 1950,
c. 519, § 1, that "any person who, while . . . an inmate [of an institu-
tion], has lost his settlement or who shall lose his settlement at the time
of admission to such . . . institution shall be deemed to have no settle-
ment in the commonwealth," was not applicable.

CONTRACT.   Writ in the Superior Court dated January
15, 1959.

The action was heard by *Barron,* J., on an auditor's
report.

*Eli H. Gartz,* City Solicitor, for the defendant.

*William H. Kerr,* (*Leo J. Dooley,* Assistant Corporation
Counsel, with him,) for the plaintiff.

SPIEGEL, J.   This is a contract action brought to recover
for old age assistance furnished by the plaintiff, city of
Boston, from January 1, 1955, to January 16, 1955, to one
Esther Braslowsky who is alleged to have had a legal set-
tlement in the city of Chelsea during that period.   The case
was referred to an auditor whose findings of fact were to
be final.   The auditor filed a report in favor of the plain-
tiff.   Judgment for the plaintiff was ordered on the audi-
tor's report and the defendant appealed.

The following facts were found by the auditor.   Esther
Braslowsky resided in the city of Chelsea from 1938 to
September 12, 1949.   On that date she entered the Jewish
Memorial Hospital in Boston where she remained until

October 1, 1949. Thereafter she lived with her daughter at 32 Dennison Street, Roxbury district of Boston, until April 18, 1950, when she entered the Hebrew Home for the Aged, an incorporated charitable institution, located in the Dorchester district of Boston. She remained at the home until her death on January 16, 1955.

The defendant provided old age assistance to Esther Braslowsky from 1938 continuously through November 30, 1949. The plaintiff furnished her with assistance from December, 1949, until her death. The defendant acknowledged that Chelsea was the legal settlement of the said Braslowsky through December 31, 1954, and reimbursed the plaintiff for aid given her to that date. The plaintiff has not been reimbursed for aid provided by it after that date.

The auditor concluded that the provisions of G. L. c. 116, § 2, were ". . . determinative of the issue and that the said Esther Braslowsky did not lose her old settlement in the City of Chelsea . . . ." The defendant, however, contends that Braslowsky lost her Chelsea settlement status under G. L. c. 118A, § 1, and therefore the city of Chelsea is not liable for assistance provided by the plaintiff after December 31, 1954.

The question before us is whether the recipient of old age assistance retained her legal settlement in the city of Chelsea although she took up residence in an incorporated charitable institution located in another city.

A settlement is acquired by residence in a town for five consecutive years (G. L. c. 116, § 1) and lost by failure for five consecutive years to reside in a town where settlement had been acquired (G. L. c. 116, § 5). The last sentence of G. L. c. 116, § 2, was added by St. 1943, c. 379, and provides as follows: "No person residing in an incorporated charitable institution the personal property of which is exempt from taxation, other than an employee of such institution, shall gain or lose a settlement nor be in the process of gaining or losing a settlement while residing therein."

General Laws c. 118A, § 8 (as amended through St. 1941, c. 729, § 8), provides that one third of the expense incurred by a town in providing assistance to one having a legal set-

tlement in another town ". . . may be recovered in contract against the town liable therefor in accordance with chapter one hundred and seventeen."

The first paragraph of G. L. c. 118A, § 1 (as amended through St. 1950, c. 519, § 1), provides that aid shall be given ". . . to the aged person in his home or lodgings or in a boarding home, which for the purposes hereof shall include any institution providing shelter, care and treatment for aged persons which is not supported in whole or in part by public funds; . . . provided, that . . . any person who, while such an inmate, has lost his settlement or who shall lose his settlement at the time of admission to such home or institution shall be deemed to have no settlement in the commonwealth."[1]

The quoted provisions of § 1 of G. L. c. 118A have no application to the instant case. Under those provisions a resident of an institution, such as a home for the aged, is deemed to have no settlement in the Commonwealth if he has lost his settlement at the time of admission or if he loses his settlement while an inmate. Neither of those circumstances exists here. Esther Braslowsky was acknowledged to have a legal settlement in Chelsea at the time of her admission to the Hebrew Home for the Aged, and by operation of G. L. c. 116, § 2, she could not lose such settlement while residing at that institution.

General Laws c. 116, § 2, is narrower in scope than c. 118A, § 1, and not rendered nugatory thereby. These sections are to be interpreted so as to give each ". . . a rational and workable effect . . . to the end that there may be a harmonious and consistent body of legislation." *Smith* v. *Director of Civil Serv.* 324 Mass. 455, 458. *School Comm. of Gloucester* v. *Gloucester,* 324 Mass. 209, 212. General Laws c. 116, § 2, is precisely applicable to the facts of this case and is controlling.

There was no error in the order for judgment on the auditor's report.

*Order for judgment affirmed.*

---

[1] The quoted provisions were amended after the death of Esther Braslowsky by St. 1960, c. 781, § 4.