ELEANOR FENTON *vs.* DEPARTMENT OF PUBLIC WELFARE.

Suffolk. April 3, 1962. — May 9, 1962.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Disability Assistance. Public Welfare.*

A board of public welfare of a town and the Department of Public Welfare were without authority to deny disability assistance under G. L. c. 118D to an applicant solely because her father, who, if of sufficient ability, would have been obliged under § 8, as amended through St. 1957, c. 493, to reimburse the town for assistance, refused to furnish information concerning his financial condition sought by the board pursuant to a rule of the Department providing that the financial condition of the parents of an applicant must be taken into consideration in determining the need of the applicant for assistance.

PETITION filed in the Superior Court on July 22, 1960.

The case was heard by *Fairhurst,* J.

*William C. Ellis,* Assistant Attorney General, for the respondent.

*Albert G. Tierney, Jr.* for the petitioner.

SPIEGEL, J. The Medfield board of public welfare (hereinafter called the board) denied the application of the petitioner for disability assistance under G. L. c. 118D, inserted by St. 1951, c. 741, § 2. On appeal to the Department of Public Welfare for the Commonwealth (hereinafter called the Department) the decision of the board was sustained. A petition for review under G. L. c. 30A, § 14, was filed and heard in the Superior Court. The case is here on appeal from a decree setting aside the decision of the Department.

The facts do not appear to be in dispute. On September 9, 1958, the petitioner, aged thirty-one, while a patient at the Massachusetts General Hospital made application to the board for aid. The board rejected the application on the ground that the board was unable to determine the need of the petitioner under G. L. c. 118D, § 1, because her father,

Warren Fenton, failed to submit any information concerning his income. Section 1 provides in part as follows: "The board of public welfare of every town shall give adequate assistance to every needy person resident therein, eighteen years of age or over, who is permanently and totally disabled and has resided in the commonwealth for one year immediately preceding the date of his application for such assistance."[1]

The board conceded that "all basic factors of eligibility as residence, age, personal and real assets are in order except that they were unable to determine the . . . [petitioner's] need for Disability Assistance."

Upon the petitioner's appeal to the Department a hearing was held before a referee of the Department and by decision dated December 10, 1958, the Department sustained the decision of the board. A petition for review under G. L. c. 30A was then brought in the Superior Court. A judge of that court remanded the matter to the board with instructions to make full inquiry as to the eligibility of the petitioner for assistance.

The board again requested Warren Fenton to furnish information "as to his income and other resources." He failed to reply to this request and the board "again denied the case on the basis that they were unable to determine the . . . [petitioner's] needs under G. L. c. 118D, since the . . . [petitioner's] father under departmental regulations at that time . . . had a legal liability toward the support of his daughter." The petitioner appealed to the Department and another hearing was held before a referee. The Department, on July 18, 1960, affirmed its previous decision and again denied the petitioner's appeal.

The court upon consideration of the present petition ruled: "1. That the Medfield Board of Public Welfare, the State Department of Public Welfare and its Commissioner, in making a determination concerning the eligibility of the applicant and her need for assistance, were without

---

[1] An amendment by St. 1961, c. 127, § 2, is not applicable to this case.

authority to consider the resources, income and responsibility to support which her father might have. . . . 2. That the State Department of Public Welfare was without authority to promulgate rule #7[1] (as a condition for eligibility) . . . 3. The Medfield Board of Public Welfare was without authority to deny the petitioner's application for assistance on the basis that they were unable to determine her needs because her father 'had a legal liability toward the support of his daughter.' 4. The State Department of Public Welfare was without authority to deny the petitioner's appeal for the reasons set forth in its decision. 5. The action of the Medfield Board of Public Welfare and the State Department of Public Welfare was based upon errors of law and made upon unlawful procedure."

The Department contends that the obligation of support is first in the parents and therefore knowledge of the parents' ability to support a disabled child would be a condition precedent to the granting of aid. This contention is based primarily on § 8 of G. L. c. 118D, as amended through St. 1957, c. 493, which provides that a mother or father of a disabled child, "except a father or mother who has attained the age of sixty-five years . . . , if of sufficient ability, shall be bound to support such person and shall be obliged to reimburse any town which provides assistance for such person under this chapter in proportion to their respective abilities to pay . . . ."

Chapter 118D was enacted to enable the Commonwealth to qualify for Federal grants made available "[f]or the purpose of enabling each State to furnish financial assistance, as far as practicable under the conditions in such State, to needy individuals eighteen years of age and older

---

[1] Rule 7 — Rules Relative to the Administration of Chapter 118D of the General Laws — Assistance to Persons Who Are Disabled, Page 121 of the Manual of Laws, Rules and Regulations (1956) Department of Public Welfare.

"*Parents' Responsibility.* The father and mother of a disabled child have a responsibility to support the child regardless of age. The net earnings of both parents together with any other income which the parents may have must be considered in determining whether a disabled child is in need of assistance as provided in Handbook #3 — Manual of Policies and Procedures for the Category of Assistance to Persons Who Are Disabled."

who are permanently and totally disabled and of encouraging each State, as far as practicable under such conditions, to help such individuals attain self-support or self-care . . . ." 42 U. S. C. § 1351 (1958). The provisions of c. 118D are "to be reasonably construed to accomplish . . . [their] beneficent purpose." *Leigh* v. *Commissioner of Pub. Health & Charities of Lawrence,* 310 Mass. 343, 345.

Section 2 of G. L. c. 118D provides that full inquiry shall be made "concerning the eligibility of the applicant and his need for assistance and his resources and income . . ."; that if found eligible "assistance shall be furnished promptly . . ."; and that a determination shall be made by the local board of public welfare within thirty days after receipt of the application.

Section 4 provides that the board, in computing the amount of assistance required, shall "deduct therefrom the amount of income the person assisted or to be assisted may be receiving from any source whatsoever . . ." and may deduct an amount "deemed to represent the financial value of board or lodging or other assistance which is being furnished to such person from any source whatsoever." Similarly, 42 U. S. C. § 1352 (a) (8) (1958) provides that "the State agency shall, in determining need, take into consideration any other income and resources of an individual claiming aid to the permanently and totally disabled."

Section 7 of G. L. c. 118D, as amended through St. 1957, c. 659, § 1, states that ownership by the applicant or recipient of assistance "of cash or securities or other personal property readily convertible into cash, or of a deposit in a savings bank or similar institution, or of cash surrender value of life insurance policies, not exceeding, in the aggregate, five hundred dollars, shall not prevent or otherwise affect the payment of assistance under this chapter."

It is evident from an examination of these provisions and of G. L. c. 118D, § 1, quoted earlier, that it was intended that the local board of public welfare furnish prompt and adequate assistance to persons totally and permanently disabled who are in need of such aid and that, in determining

need, assets owned by the applicant and income and other resources actually received or possessed by him are to be considered. Section 8 of G. L. c. 118D must be interpreted so as to give a consistent effect to the general purpose of the legislation. See *Mathewson* v. *Contributory Retirement Appeal Bd.* 335 Mass. 610, 614–615; *Boston* v. *Chelsea,* 343 Mass. 499, 501.

Section 8 does not enable the applicant to proceed against a parent or other person obliged to furnish support, but rather it provides a means by which the town may seek reimbursement from such person for aid already provided.[1]

We are of opinion that § 8 is not to be construed so as to prevent or delay the giving of assistance to a needy applicant because one obligated to support such applicant refuses to provide information concerning his resources. The board and the Department, therefore, were without authority to deny assistance solely because the petitioner's father refused to furnish information concerning his financial condition.

*Decree affirmed.*

---

[1] The last paragraph of G. L. c. 118D, § 8, provides in part as follows: "The superior court sitting in equity or the probate court in the county where any one of the persons liable for support under this section resides shall have jurisdiction, upon the complaint of any town, to assess and apportion upon such kindred liable under this section such amounts as the court considers reasonable for or towards the support of the individual in need of assistance, and may enforce payment thereof by execution in common form."