JOHN COONEY & others *vs.* COMMISSIONER OF THE REAL PROPERTY DEPARTMENT OF THE CITY OF BOSTON & others. June 26, 1974. This purports to be an appeal under G. L. c. 213, § 1D (as amended through St. 1957, c. 155), from a final judgment of the Superior Court upon a petition for a writ of mandamus. The case was submitted on a statement of agreed facts amounting to a case stated. On August 3, 1973, the trial judge expressly adopted that statement as his findings of fact and made an order for the entry of judgment dismissing the petition. On August 9 the petitioners filed a request for a report of the material facts found by the judge (G. L. c. 214, § 23). The judge responded on October 9 by again adopting the statement of agreed facts as his findings of the material facts. As no claim of appeal under G. L. c. 213, § 1D, no claim of appeal under G. L. c. 231, § 96 (see *Meadows* v. *Town Clerk of Saugus,* 333 Mass. 760, 761 [1956]), nor any bill of exceptions (see *Needham* v. *County*

*Commrs. of Norfolk,* 324 Mass. 293, 295 [1949]) was filed within the twenty-day period following the entry of the order for judgment on August 3, and as there was at the expiration of that period nothing whatsoever on the record to suggest that the petitioners intended to seek appellate review with respect to any aspect of the case (contrast *Martin* v. *Aldermen of Newton,* 337 Mass. 544, 545-549 [1958]), the case became ripe for the entry of judgment on August 24 and went to judgment on the following Monday, August 27, under the provisions of Rule 79 of the Superior Court (1954). Compare *Ward* v. *Selectmen of Scituate,* 333 Mass. 108, 109-110 (1955); *Klier* v. *Building Inspector of Lawrence,* 333 Mass. 111, 112-113 (1955). The petitioners then had an additional period of twenty days (G. L. c. 214, § 19), and until the next day, Monday, September 17, within which to file a claim of appeal under G. L. c. 213, § 1D. The filing of the formal report of material facts did not have the effect of starting the running of a new appeal period. *Kane* v. *Registrars of Voters of Fall River,* 328 Mass. 511, 513 (1952). As the only recorded claim of appeal (filed on October 16) was not filed within twenty days of the date (August 27) of the "final judgment" within the meaning of G. L. c. 213, § 1D, a majority of the entire court (Rule 1:18 of the Appeals Court, 1 Mass. App. Ct. 892 [1972]) is of the opinion that the appeal must be dismissed. *Alves* v. *Superintendent of Bldgs. of New Bedford,* 1 Mass. App. Ct. 828 (1973). The now agreed fact that counsel relied on the erroneous refusal of the clerk's office to docket the claim of appeal he had filed on August 29 (returned to him as prematurely filed) might be a matter for consideration on a petition under G. L. c. 214, § 28, but we do not reach any such question as the entire court is of the opinion that the case was correctly decided for the reason given by the trial judge.

*Appeal dismissed.*

*Thomas C. Cameron* for the petitioners.

*Lawrence J. Ball,* Assistant Corporation Counsel, for the respondents.