JAMES A. DEVINE & another *vs.* TOWN CLERK OF PLYMOUTH. May 12, 1975. 1. The respondent's appeal is properly before us. The first clause of the second paragraph of Rule 79 of the Superior Court (1954) prevented the case from going to judgment during the twenty-day period following the entry (on February 13, 1974) of the order for judgment because of the respondent's right to seek appellate review of that order by filing a bill of exceptions during that period. G. L. c. 231, § 113, as in effect prior to St. 1973, c. 1114, § 202. *Cooney* v. *Commissioner of Real Property Dept. of Boston,* 2 Mass. App. Ct. 853 (1974). The filing of the respondent's motion for a new trial within that period (on February 19, 1974) prevented the case from going to judgment (*Burnham* v. *Clerk of the First Dist. Court of Essex,* 352 Mass. 466, 467-468 [1967]), and, under Rule 79, no judgment could be entered as of course until the first Monday following the expiration of the seven-day period (last sentence of Rule 72 of the Superior Court [1954]) following the respondent's receipt of notice from the clerk (sent on March 21, 1974) of the denial (on March 20, 1974) of the motion for a new trial. No timely claim of exception to that denial having been filed, the case properly went to judgment on Monday, April 1, 1974, as appears from the docket. The respondent's claim of appeal from that judgment (under G. L. c. 213, §1D, as in effect prior to St. 1973, c. 1114, § 60) was filed on April 9, 1974, well within the allowable twenty-day period (G. L. c. 213, § 1D; G. L. c. 214, § 19, as in effect prior to St. 1973, c. 1114, § 62). 2. There was no error (A) in the trial judge's express refusal to credit the respondent's contention that there had been a substitution by the petitioner Devine (petitioner) or his engineer for the plan filed by the engineer with the planning board (board) on February 26, 1973, or (B) in his ultimate conclusions (implicit in his order for judgment) that the plan identified by

the engineer at trial (Exhibit 2) was (a) the one filed by him on that date and (b) the one referred and intended to be referred to in the certificate issued by the respondent on March 14, 1973. The express reference to Lots 32 and 33 of Plat 53 in the description of the plan which appears in the receipt issued by the respondent or his office on February 26 (following personal verification of the facts with the office of the board) precluded any possibility that the plan so described could have been one of the other plans filed by the petitioner with the board in 1973 and received in evidence, because none of the other such plans referred to Lot 33. The judge properly disregarded the only testimony to the contrary (that of the planning director); as the witness himself explained to the judge, he had no personal recollection of the events of February 26, and his knowledge of the pertinent events was based solely on what appeared in the minutes of the board (which refer only to Exhibits 8 and 10) and on conversations which he had had with members of the board. 3. The judge was entitled to infer from the respondent's testimony that he checked his records before issuing his certificate on and dated March 14, 1973, that he had not been notified by the board of any action taken by it on Exhibit 2 within the fourteen-day period following February 26. Once the judge drew that inference (implicit in his order for judgment), the petitioner was entitled, under the fourth sentence of G. L. c. 41, § 81P (as appearing in St. 1963, c. 363, § 1), to the certificate which he received from the respondent and which he recorded together with Exhibit 2. 4. The petitioner appears from the evidence to have met all the filing requirements (G. L. c. 41, § 81T) applicable to a plan of the type subject to § 81P. The clerk of the board, who clearly had authority to and did receive Exhibit 2 for filing with the board, called the petitioner's engineer later in the day of filing and (for some reason never explained) returned the plan to the engineer. We are of the opinion that it was incumbent on the respondent (or the board) to explain the reasons for and the circumstances of the return (for an undisclosed period) if the respondent (or the board) wished to present a contention (on which we intend no intimation) that the return somehow resulted in a withdrawal of the plan or a pro tanto tolling of the fourteen-day period found in § 81P. No such explanation was offered. The order denying the petitioner's motion to dismiss the respondent's appeal is affirmed; a judgment is to be entered which declares null and void the certificate which was executed by the respondent on August 3, 1973, and recorded in the registry of deeds on August 22, 1973; a copy of the judgment is to be recorded in the registry.

*So ordered.*

*Richard M. Serkey* for Andrew J. Collas (*Reuben M. Winokur,* Town Counsel, for the town of Plymouth, with him).

*John H. Wyman* for the petitioners.