FRANKLIN KELLEY & others vs. PLANNING BOARD OF
DENNIS.

Barnstable.  December 13, 1977. — January 30, 1978.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Subdivision Control. Open Meetings Law. Public Board. Municipal
Corporations, Open meetings. Notice.*

In an action seeking to set aside two votes of a municipal planning
board denying an endorsement "approval not required" on a sub-
division plan, where the parties agreed that the first such vote was
invalid for lack of public notice and where the second such vote was
passed after expiration of the fourteen-day period within which the
board had to act, it was within the judge's discretion under G. L.
c. 39, § 23B, and c. 231A, § 3, to return the matter to the board for
reconsideration and to reinstate the fourteen-day period within
which the board might act; no abuse of that discretion appeared.
[25–27]

CIVIL ACTION commenced in the Superior Court on
January 7, 1977.

The case was heard by *Leen, J.*

*Edward E. Veara* for the plaintiffs.

*Robert E. O'Neil,* Town Counsel, for the defendant.

HALE, C.J. This is an action brought pursuant to G. L.
c. 39, § 23B, as appearing in St. 1976, c. 397, § 6, seeking,
among other things, (a) to invalidate two votes of the de-
fendant planning board (board) which purported to deny
an endorsement of "approval not required" on two plans
of land which the plaintiffs had submitted to the board
under G. L. c. 41, § 81P, as appearing in St. 1963, c. 363,
§ 1, and (b) a declaration of the rights and duties of the
parties relative to said plans. Judgment was entered, and
the plaintiffs have appealed from part 2 thereof.[1]

_____

[1] "It is Ordered and Adjudged: (1) that the decisions of the Dennis
Planning Board of December 27, 1976, and December 30, 1976, relat-

The plaintiffs' brief informs us that "[t]he sole issue presented by this appeal is whether the . . . judge erred in remanding the case to the . . . board to allow a full consideration of the matter on its merits." We called for and have before us the original record and have limited our consideration to the stated issue and conclude that there was no error.

We summarize the facts found by the judge. On December 3, 1976, the plaintiffs submitted a plan of land to the board for endorsement under G. L. c. 41, § 81P (approval not required). Another plan was similarly submitted on December 9, 1976. The plans were to be considered by the board at its December 13 meeting. By agreement the matter was continued to December 20. The attorneys for the parties met by chance on December 20 and agreed to "postpone action until sometime later in the week." The judge found that the plaintiffs expected by that agreement that the matter would be taken up at the regular meeting of the board on December 27. On the morning of the twenty-seventh the plaintiffs were advised that the matter would not be considered at that night's meeting.[2] Accordingly, neither the plaintiffs nor their counsel attended. As its final act of the evening the board voted to deny the requested endorsements, an action which the judge found to be an effort to comply with the time limitation found in § 81P.[3]

---

ing to the Dennishore plans of Franklin Kelley et al are annulled and invalidated; (2) that the Dennis Planning Board shall upon proper notice reconsider the request of Franklin Kelley et al for 'Approval Not Required' endorsement, subject to the fourteen-day limit contained in G.L., Chapter 41, Section 81P, which shall run from the date of entry of judgment in this case."

[2] The complaint alleges and the answer admits that the reason for the delay was that the town counsel was unable to attend the meeting "due to personal reasons."

[3] It does not appear that the parties had agreed to any extension of the fourteen-day period (within which, under § 81P, the board was required to act) beyond December 27.

Earlier on the twenty-seventh, the board had posted a notice of a special meeting to be held at 3:30 P.M. on December 30. The December 30 meeting was held, and the board again voted to deny the plaintiffs' request. At a hearing before the judge the parties agreed that the action of the board on the twenty-seventh was invalid for want of the notice required by G. L. c. 39, § 23B. The judge ruled that the actions taken at the meeting of the twenty-seventh, although timely under § 81P, were invalid because of the want of notice and further found and ruled that the board's action of the thirtieth was invalid, as the fourteen-day period specified in § 81P had expired. *Cassani* v. *Planning Board of Hull,* 1 Mass. App. Ct. 451, 456-457 (1973).

The court thereupon proceeded to fashion a remedy that on proper notice the board reconsider the plaintiffs' requests (presumably at a meeting to be held pursuant to such notice). The judgment entered disposed of all aspects of the case presented by the pleadings. The remedy included the exercise of the judge's discretionary power under § 23B to invalidate the vote of the twenty-seventh, as well as the discretion accorded him under G. L. c. 231A, § 3. That discretion was tempered by his ordering the return of the case to the board for reconsideration and by his reinstating the fourteen-day period in which the board should act. The plaintiffs would have us determine that as neither § 23B nor § 81P makes any provision for such an extension of the fourteen-day period, the judge lacked the authority to do so. They would have us strike part 2 of the judgment, leaving part 1 in place. Were we to do so, the plaintiffs would at once become entitled to the endorsement sought. This clearly was not the result the judge intended. We decline to interfere with the judge's exercise of discretion by taking that action.

We are not to be understood as approving as a general principle of law that a judge may extend the fourteen-day

period in which the board is required to act under § 81P. See *Cassani* v. *Planning Board of Hull*, 1 Mass. App. Ct. at 456–457; *Devine* v. *Town Clerk of Plymouth*, 3 Mass. App. Ct. 747 (1975). In this case the board did act within the fourteen-day period as extended by the agreement of the parties. Assuming, as have the parties, that the action was susceptible to attack by the plaintiffs under § 23B, it was nonetheless open to the judge in his discretion not to invalidate the board's action. In view of that, the plaintiffs can hardly be said to have reason to complain that instead of allowing the questioned action to stand, the judge invalidated it and, as a part of a single package, returned the matter to the board, where all concerned would be afforded the opportunity to begin anew on the application for the approval under § 81P. We recognize, and it appears that the judge did also, that the plaintiffs had no control over the board's actions as to compliance with the provisions of § 23B. It is apparent that the judge did not desire to penalize the applicants for a failure of the board beyond their control. Compare *Burwick* v. *Zoning Board of Appeals of Worcester*, 1 Mass. App. Ct. 739, 745 (1974). On the other hand, on the basis of the plans submitted to the board the judge may have concluded that there was some merit in the board's refusal to endorse them as requested, although that point was not decided by the judge and has not been argued before us. Thus, in the peculiar circumstances of this case, the judge's solution appears to us to be consistent with the rights of the parties.

To avoid any question as to the running of the "fourteen-day limit" set out in the judgment, part 2 thereof is to be modified by striking therefrom the words "entry of judgment in this case" and by inserting in place thereof the words "receipt by the clerk of courts of the rescript of the Appeals Court." As so modified, the judgment is affirmed.

*So ordered.*