ELAINE ROBINSON & others *vs.* PLANNING BOARD OF HINGHAM. January 31, 1978. We need not consider whether the judge was correct in

ruling that the meeting of the defendant board was an "emergency" meeting as defined by G. L. c. 39, § 23A (as appearing in St. 1976, c. 397, § 5), and as used in § 23B (as appearing in St. 1976, c. 397, §6) because the judge made an alternative ruling, as a matter of discretion, declining to invalidate the questioned action of the board. Section 23B, as so appearing, provides, among other things, that a court "may invalidate any action taken at any meeting at which any provision of this section has been violated . . . ." We decline to accept the plaintiffs' suggestion that we treat the auxiliary verb "may" as meaning "shall," as to do so would do violence to the purposes for which § 23B was enacted. See *Abbene* v. *Election Commrs. of Revere,* 348 Mass. 247, 250-251 (1964). The judge had discretion to invalidate or not (*Nantucket Land Council, Inc.* v. *Planning Bd. of Nantucket,* 5 Mass. App. Ct. 206, 213 [1977]; *Kelley* v. *Planning Bd of Dennis, ante* 24, 26–27 [1978]), and nothing in the record indicates any abuse of that discretion.

*Judgment affirmed.*

*Athur E. Nicholson,* for the plaintiffs, submitted a brief.
*Paul R. Schneider* (*George M. Ford* with him) for the defendant.