ROBERT D. YARO & others[1] vs. BOARD OF APPEALS
OF NEWBURYPORT.

Essex.   May 19, 1980. — September 30, 1980.

Present: BROWN, GREANEY, & PERRETTA, JJ.

Zoning, Board of appeals: decision. *Public Board. Open Meeting Law.
Municipal Corporations,* Open meetings.

The requirement of G. L. c. 39, § 23B, that "[a]ll meetings of a govern-
mental body shall be open to the public" applies to deliberations and
decisions by a zoning board of appeals. [588-592]

CIVIL ACTION commenced in the Superior Court Depart-
ment on August 13, 1979.

The case was heard by *Bennett,* J.

*Thomas B. Arnold* for the plaintiffs.

*Richard B. Jones,* City Solicitor, for the defendant.

*James C. Heigham,* for the Massachusetts Newspaper
Publishers Association, amicus curiae, submitted a brief.

PERRETTA, J.  The plaintiffs, four registered voters of the
city of Newburyport, brought an action in the Superior
Court seeking an invalidation of the defendant board's deci-
sion on a petition for a special permit to build residential
condominiums.  They alleged that the board is a "govern-
mental body" as that term is defined in G. L. c. 39, § 23A[2]
(as amended through St. 1978, c. 372, § 9), and that in

---

[1] Richard Hordon, Susanne Currier and Nellie Dow. The Massachusetts
Newspaper Publishers Association has filed a brief amicus.

[2] Section 23A defines a "governmental body" as "every board, commis-
sion, committee or subcommittee of any district, city, region or town,
however elected, appointed or otherwise constituted, and the governing
board of a local housing, redevelopment or similar authority."  See G. L.
c. 40A, § 12 (as appearing in St. 1975, c. 808, § 3), for the manner in
which zoning boards of appeals are established.

allowing the petition the board failed to comply with the provisions of the open meeting law, G. L. c. 39, § 23B (as amended through St. 1978, c. 372, §§ 10-12). The parties stipulated to the facts. The judge concluded that § 23B was inconsistent with the provisions of c. 40A, §§ 11 and 15 (as appearing in St. 1975, c. 808, § 3), and that under c. 39, § 24, the open meeting law was thus inapplicable to a zoning board of appeals. We reverse the judgment.

Pursuant to c. 40A, § 15, the board published notice that a public hearing on the petition for a special permit would be held on July 10, 1979, at the city hall. The hearing was conducted at the scheduled time and place, and for approximately two hours the public spoke for and against the allowance of the petition. The board then adjourned, and its members proceeded to another room in the city hall where, as was their usual practice, they deliberated and voted in the absence of the public. This session of the board lasted about twenty minutes, and it concluded with a four to one vote to allow the petition. The board did not take minutes of this meeting, nor did it take a roll call vote. The members of the board signed their written decision on July 19, 1979, and on July 23, 1979, they filed it with the city clerk and mailed copies to all interested parties.

Section 23B requires that "[a]ll meetings of a governmental body shall be open to the public," and this legislative mandate applies to a zoning board of appeals. See note 2, *supra*. See also *Dion* v. *Board of Appeals of Waltham*, 344 Mass. 547, 552-553 (1962) ("We assume that meetings of the board of appeals must be public"). When, on July 10, 1979, the board adjourned the public meeting to convene privately, it did so for purposes of deliberating and voting on the petition, and this session was a meeting of the board[3] held in violation of § 23B. Moreover, it was an executive ses-

---

[3] Section 23A defines a "meeting" as "any corporal convening and *deliberation* of a governmental body for which a quorum is required in order to make a decision at which any public business or public policy matter over which the governmental body has supervision, control, jurisdiction or advisory power is discussed or considered; but shall not in-

sion[4] which was convened for an improper purpose and in an improper manner, see *Ghiglione* v. *School Comm. of Southbridge,* 376 Mass. 70, 73-74 (1978), and it was conducted without compliance with the further requirements of § 23B.[5]

The board would not be bound to follow these requirements of § 23B if to do so would be inconsistent with its obligation under other statutes. General Laws c. 39, § 24, states in relevant part that "[t]he provisions of this chapter shall be in force only so far as they are not inconsistent with the express provisions of any general or special law." The board argues that § 23B conflicts with c. 40A, §§ 11 and 15. We examine these provisions keeping in mind that, "[i]f reasonably practicable and there is no positive repugnancy, a rational and workable effect must be given to both statutes, to the end that there may be a harmonious and consistent body of legislation." *Smith* v. *Director of Civil Serv.,* 324 Mass. 455, 458 (1949). *Boston* v. *Chelsea,* 343 Mass. 499, 501 (1962). See Sands, Sutherland Statutory Construction § 53.04 (4th ed. 1973).

Section 11 relates to public hearings and notice of them, and § 15 pertains to the manner by which appeals are taken to permit granting authorities. The purpose of such provisions is described in *Kane* v. *Board of Appeals of Medford,*

---

clude any on-site inspection of any project or program" (emphasis supplied). "Deliberation" is defined by § 23A as "a verbal exchange between a quorum of members of a governmental body attempting to arrive at a decision on any public business within its jurisdiction."

[4] As defined by § 23A, an "executive session" is "any meeting of a governmental body which is closed to certain persons for deliberation on certain matters."

[5] Section 23B requires: "A governmental body shall maintain accurate records of its meetings, setting forth the date, time, place, members present or absent and action taken at each meeting, including executive sessions. The records of each meeting shall become a public record and be available to the public; provided, however, that the records of any executive session may remain secret as long as publication may defeat the lawful purposes of the executive session, but no longer. All votes taken in executive sessions shall be recorded roll call votes and shall become a part of the record of said executive sessions."

273 Mass. 97, 104 (1930). "[T]he essential and dominating design of any zoning law . . . is to stabilize property uses in the specified districts in the interests of the public health and safety and the general welfare, and not to permit changes, exceptions or relaxations except after such full notice as shall enable all those interested to know what is projected and to have opportunity to protest, and as shall insure fair representation and consideration of all aspects of the proposed modification. This is not a technical requirement difficult of performance by the unwary. It is dictated by common sense for protection of an established neighborhood to be subject to change only after fair notice." This design is complemented and expanded, not contradicted, by § 23B. "The open meeting law is designed to eliminate much of the secrecy surrounding the deliberations and decisions on which public policy is based." *Ghiglione* v. *School Comm. of Southbridge,* 376 Mass. at 72.

Notwithstanding the express language of the open meeting law and the harmony in purpose between c. 40A, §§ 11 and 15, and c. 39, § 23B, the board argues that the statutes are inconsistent (see c. 39, § 24) because the Legislature did not intend that a zoning board of appeals "deliberate and write their decision in the public arena." This is an overstatement of the possible impact of § 23B upon hearings, deliberations and decisions by zoning boards of appeals.[6] Section 15 mandates public hearings in the first instance; § 23B mandates that the board deliberate and arrive at its decision under public observation. This mandate includes neither public verbal participation during the

---

[6] While we do not accept the defendant's view of the consequences flowing from the applicability of the open meeting law to its proceedings, we are mindful of the fact that the statute imposes additional burdens upon the board. It is not, however, our function to question the wisdom of a legislative policy which requires the members of a board or a commission sitting in a quasi judicial capacity to debate the merits of a proposition in a fishbowl. Compare G. L. c. 39, § 23A, with G. L. c. 30A, § 11A, which excludes from public scrutiny the quasi judicial process of those boards and commissions encompassed within that statute's definition of "governmental body."

board's deliberations, see G. L. c. 39, § 24, and note 3, *supra*, nor the writing of a final decision under public scrutiny. Sections 23A and 23B do not require a board to hold a public hearing for purpose of reducing to writing a decision reached at a meeting which was open to the public and where accurate records of the meeting are kept and the substance of the decision was made known to the public.[7] See *J. & C. Homes, Inc.* v. *Planning Bd. of Groton*, 8 Mass. App. Ct. 123, 125 (1979). This is especially so in light of the fact that "[t]he law is clear that the board has the inherent power, without holding a further public hearing, to correct an inadvertent or clerical error in its decision so that the record reflects its true intention . . ., so long as the correction does not constitute a 'reversal of a conscious decision' . . ., does not grant relief different from that originally sought, and does not change the result of the original decision . . ., and so long as no one relying on the original decision has been prejudiced by the correction" (citations omitted). *Selectmen of Stockbridge* v. *Monument Inn, Inc.*, 8 Mass. App. Ct. 158, 164 (1979).

The board also alleges an inconsistency between § 23B and c. 40A, § 9 (as amended by St. 1977, c. 829, §§ 3E, 3F, 4A), because the latter section provides that if a board does not deliberate and decide upon an application for a special permit within ninety days after the required public hearing, it shall be deemed to have been approved.[8] The board contends that because it can act through inaction, § 23B does not apply to its meeting. While it is dubious that a responsible governmental body would prefer to approve all requests to it through inaction rather than comply with the open

---

[7] The fact that the substance of the decision must be made known at a public meeting does not alter the time period for an appeal from that decision, as the time does not commence until the decision is filed with the city or town clerk. See G. L. c. 40A, § 15.

[8] General Laws c. 40A, § 15, also provides that a decision of the board under this section, except those pertaining to special permits, shall be made within seventy-five days after the filing of the appeal and that a failure to do so "shall be deemed to be the grant of the relief" sought.

meeting law, the argument fails for a positive reason. There is no inconsistency because §§ 9 and 15 provide automatic relief when a board fails to act, whereas § 23B comes into play only when the board chooses to meet to act upon the request.

Because the judge found that § 23B was inapplicable to zoning boards of appeal, he neither issued an order to the board not to violate § 23B in all future meetings nor did he consider whether to use his discretionary power to invalidate the board's decision. See *Robinson* v. *Planning Bd. of Hingham*, 6 Mass. App. Ct. 835 (1978). Compare *Ghiglione* v. *School Comm. of Southbridge*, 376 Mass. at 73-74, with *Kelley* v. *Planning Bd. of Dennis*, 6 Mass. App. Ct. 24, 26 (1978), and *J. & C. Homes, Inc.* v. *Planning Bd. of Groton*, 8 Mass. App. Ct. at 125.

Accordingly, the judgment is reversed and the matter is remanded to the Superior Court for further proceedings.

*So ordered.*