ROBERT A. PENTECOST *vs.* TOWN OF SPENCER & others.[1] No. 89-P-118. November 20, 1990. *Open Meeting Law. Municipal Corporations*, Open meetings. *Civil Rights*, Coercion. *Libel and Slander.*

We affirm a Superior Court judgment, entered after a jury-waived trial, dismissing the plaintiff's complaint. The principal thrust of that complaint is that certain joint meetings of the defendants violated the open meeting law, G. L. c. 39, §§ 23A and 23B, and the plaintiff's civil rights under G. L. c. 12, §§ 11H and 11I.[2] The essential facts relating to the calling

---

[1]The members of the board of assessors and the selectmen of the town of Spencer.

[2]As noted below, the complaint was read by the judge as also containing a defamation claim.

and official results of the meetings in question were found by the judge and are not in dispute.

Just hours after the principal clerk of the board of assessors (assessors) walked off the job following an argument with the plaintiff, the town of Spencer swung into action. At an "emergency" joint session of the assessors and the board of selectmen, convened on the evening of the day of the argument, the assessors reorganized by removing the plaintiff from the full-time position of assessor-clerk to which he recently had been appointed,[3] thereby relegating him to ordinary (part-time) assessor status. Another "emergency" joint meeting, held two days later, resulted in the principal clerk's return to the assessors' office and the plaintiff's decision not to perform any further services as an assessor. In each case, notice of the joint session was not posted until the day of the meeting. The plaintiff attended each meeting, the results of which were reported in the local press.

In his appeal, the plaintiff argues that the judge erred in ruling that the defendants (1) did not violate the open meeting law, (2) did not violate his civil rights, and (3) did not defame him.

The first sentence of the sixth paragraph of G. L. c. 39, § 23B, as appearing in St. 1976, c. 397, § 6, requires forty-eight hours' notice, by filing and public posting, of every meeting of a governmental body, "[e]xcept in an emergency." In view of the statutory definitions of "emergency," "governmental body," and "meeting" (G. L. c. 39, § 23A, as amended by St. 1976, c. 397, § 5), and the judge's finding that no "emergency situation" existed, forty-eight hours' notice of each meeting should have been given. The judge, however, expressly recognized and declined to exercise his discretion to invalidate the assessors' action. He also ruled that the "protections afforded" by the notice requirements of G. L. c. 39, § 23B, were inapplicable to a member of the governmental body which had convened the meeting. The latter ruling is erroneous. It hardly would serve the open meeting law's objective of eliminating secret governmental deliberations, *Ghiglione* v. *School Comm. of Southbridge*, 376 Mass. 70, 72 (1978), *Bartell* v. *Wellesley Hous. Authy.*, 28 Mass. App. Ct. 306, 308-309 (1990), if the public was not notified simply because a member of the deliberating body was the subject of a scheduled meeting.

The remedy sought by the plaintiff in his complaint for violation of G. L. c 39, § 23B, is damages in the amount of money lost as a result of his having been removed as assessor-clerk.[4] This claim effectively asks that the reorganization which was the product of the improperly noticed meeting be invalidated. A remedial order under G. L. c. 39, § 23B, "may inval-

---

[3]The plaintiff had been appointed an assessor to fill an unexpired term. Shortly thereafter, he was selected by the board of assessors to serve as its full-time clerk (assessor-clerk).

[4]This amount is fixed by virtue of the plaintiff's failure to win election to serve as assessor for the next full term following the term for which he was appointed.

idate any action taken at any meeting" held without the requisite public notice. Invalidation is therefore discretionary. *Robinson* v. *Planning Bd. of Hingham*, 6 Mass. App. Ct. 835, 836 (1978). *Yaro* v. *Board of Appeals of Newburyport*, 10 Mass. App. Ct. 587, 592 (1980). *Tebo* v. *Board of Appeals of Shrewsbury*, 22 Mass. App. Ct. 618, 623 (1986). In light of the plaintiff's actual notice of the meetings, his participation in the business of the meetings, the local press coverage, and the absence of any other illegality, we conclude that the judge did not abuse his discretion.

The assessors' reorganization, even if invalid (and the plaintiff does not so claim), does not amount to coercion. Compare *Pheasant Ridge Assoc. Ltd. Partnership* v. *Burlington*, 399 Mass. 771, 781 (1987). Although there was some trial testimony which could be construed as evidence of a violation of G. L. c. 12, §§ 11H and 11I, the judge's finding that "[c]learly, the defendants' actions did not amount to 'threats, intimidation, or coercion' " was amply supported by the evidence and was well outside the "clearly erroneous" standard.

The judge fully accorded the plaintiff the benefits of notice pleading by construing his claims of "loss of status" and "damage to . . . reputation" as asserting a cause of action for defamation, notwithstanding the absence of any allegation of falsity and malice. *Comerford* v. *Meier*, 302 Mass. 398, 402 (1939). *McAvoy* v. *Shufrin*, 401 Mass. 593, 597 (1988). In any event, there was no evidence of any statement of the defendants that was reasonably susceptible of defamatory meaning. See *Jones* v. *Taibbi*, 400 Mass. 786, 791-792 (1987); *Foley* v. *Lowell Sun Publishing Co.*, 404 Mass. 9, 11 (1989).

*Judgment affirmed.*

*Alan D. Sisitsky* for the plaintiff.
*John W. Capone*, Town Counsel, for the defendants.