Volterra, J.
Plaintiff Daniel Hansberry brought this action against defendant Massachusetts Interscholastic Athletic Association, Inc. (MIAA) for Declaratory Relief[1] pursuant to M.G.L. 231A, § 1. This matter is before the court on plaintiffs motion to order defendant to comply with the Open Meeting Law provisions of M.G.L.c. 39, §23B in its eligibiliiy hearings. For reasons set forth below, plaintiffs request for Declaratory Relief is granted.
FINDINGS OF FACT
Plaintiff is a former student at Austin Preparatory High School. Defendant MIAA governs participation in *101 interscholastic sports between approximately three hundred and fifty participating Massachusetts public and private high schools, including Austin Preparatory High School. In his senior year, plaintiff was ineligible to play interscholastic sports according to Rules 68.1 and 69.1 of defendant MIAA’s Rules and Regulations Governing Athletics. Rule 68.1 required that “”a student shall be eligible for interscholastic competition for no more than twelve consecutive seasons" and Rule 69.1 limited participation in sports to students who are under nineteen years of age. Plaintiff, then a fifth year senior, was nineteen years of age and had already completed the allowable number of seasons of competition.
On May 4, 1995, pursuant to MIAA’s Rule 93, Austin Prep Headmaster Moran applied for a waiver of ineligibility on behalf of plaintiff in order to allow him to participate in sports for the 1995-96 academic year. His request was accorded the full three level review process and subsequently denied.
At the first level, the Executive Director, acting through a hearing officer, considered the application and the materials provided. Upon that review, the application was denied. Plaintiff appealed that denial to the Eligibility Review Board. On August 17, 1995, the three member Eligibility Review Board reviewed the materials in plaintiffs case and denied his request, stating in part “the extenuating circumstances presented did not warrant a waiver of Rule 68.1.” Plaintiff appealed that denial to the Massachusetts Interscholastic Athletic Council (M.I.A.C.), which convened a hearing on October 3, 1995, and voted 3-0 to deny plaintiffs waiver request.
Thereafter, plaintiff filed this suit alleging that the MIAA is a de facto governmental body and is therefore subject to M.G.L.c. 39, §23B (The Open Meeting Law), which requires that “all meetings of a governmental body shall be open to the public and any person shall be permitted to attend any meeting except as otherwise provided by this section.” Plaintiff asserted that defendant violated this rule since it notified only the headmaster of the school but not the plaintiff himself of the review hearings to be conducted by both the Eligibility Review Board and the M.I.A.C.
Plaintiff further alleged that the review hearings would qualify as “executive sessions” under M.G.L.c. 39, §23B, in which case plaintiff should have been notified that he had the right to be present at any executive session during discussions or considerations which involve him; to have counsel or a representative of his own choosing present and attending for the purpose of advising him individually; and to speak on his own behalf. Plaintiff alleged that defendant violated all of these requirements because the meetings were held in private, and plaintiff was not given notice of the meetings or the opportunity to attend and be heard at these meetings.
Defendant denied the claim on the ground that the MIAA is not subject to the Open Meeting Law since it is a private corporation rather than a governmental body and does not answer to any governmental agency. Defendant also argued that plaintiff did not have standing to sue and that there was no justiciable issue under the laws of the United States and the Commonwealth of Massachusetts. Finally, defendant argued that the stages of the eligibility review process do not qualify as meetings under the Open Meeting Law.
RULINGS OF LAW
A. Defendant MIAA qualifies as a government body for the purposes of and is therefore subject to the Open Meeting Law.
M.G.L.c. 39, §23B provides in the relevant part that “all meetings of a government body shall be open to the public and any person shall be permitted to attend any meeting except as otherwise provided by this section.” The key issue in this case is whether the MIAA should be considered a government body. If so, then the meeting law will apply to it.
M.G.L.c. 39, §23A defines “government body” as “every board, commission, committee or subcommittee of any district, city, region or town, however elected, appointed or otherwise constituted, and the governing board of a local housing redevelopment or a similar authority.” Defendant correctly argues that MIAA is not a traditional municipal body. Rather, it is a private, nonprofit Massachusetts corporation, whose purpose is to “organize, regulate and promote interscholastic athletics for secondary schools of Massachusetts.” It regulates approximately three hundred and fifty high schools in the Commonwealth, approximately two hundred and seventy of which are public high schools.
Plaintiff effectively argues that the MIAA functions as an agent of the public schools in organizing and regulating their athletic activities. Indeed, public school committees are authorized to delegate such functions by M.G.L.c. 71, §47 which provides in the relevant part that “(t]he committee may supervise and control all athletic and other organizations composed of public school pupils and bearing the school name or organized in connection therewith. It may directly or through an authorized representative determine what conditions the same may compete with similar organizations.” (Emphasis added.) By electing to become members of the MIAA, high schools delegate the MIAA to fulfill some of their objectives, namely organizing and running high school athletics throughout the Commonwealth. By accepting this delegation of authority, defendant MIAA assumes a governing role and is therefore an agent of the state.
In Attorney General v. Massachusetts Interscholastic Athletic Association, Inc., 378 Mass. 342 (1979), the Supreme Judicial Court addressed the issue of whether the MIAA and the rules it promulgates should *102 be considered government action for purposes of equal protection analysis. There the Court found, and the parties agreed, that the actions of the MIAA and its rules should be considered state action for legal purposes. Id. at 349. The Court noted that “virtually all public secondary schools in the Commonwealth are members of the MIAA and, by virtue of what is in effect a delegation of authorily by local school committees under M.G.L.c. 71, §47, MIAA governs and regulates competitive sports among these schools ... All member schools undertake to submit to the rules promulgated by MIAA; they pay dues to MLAA in proportion to their student populations. (MIAA also shares in the receipts from Statewide tournaments, many of which are held on State-owned property.)” Id. at 345. This case affirmatively answers the question of whether the MIAA is a governmental body and whether it should be subject to the open meeting law.
The recognition that a private organization could be deemed an agent of the state, and thus subject to the Open Meeting Law, was reiterated in Fifty-One Hispanic Residents of Chelsea v. School Committee of Chelsea, 421 Mass. 598 (1996). This case involved an agreement between Boston University and the school committee of Chelsea whereby Boston University, a private entity, would participate in managing the Chelsea school system in an effort to improve its performance and success. Id. at 599. It is also noteworthy that Section 6 of the enabling act allowing Boston University to perform this function required all final decisions of Boston University be made in an open meeting, pursuant to M.G.L.c. 39, §23B. Id. at 602.
The Chelsea Court stated that “(t]here is nothing in the concept of public agent that precludes a private university from performing as an agent of the public." Id. at 606. Key to the Court’s finding that Boston University was a public agent was the extensive supervisory control that the Chelsea school committee had over the university’s actions. Id. at 608. The university fulfilled the public obligation of educating the youth of the city and was subject to the control of a public entity as. a principal. Similarly, the MIAA fulfills the public obligation of promoting interscholastic activities among Massachusetts students and is subject to the control of its members, approximately 77% of which are public schools.
Though not controlling, a case from Louisiana, Spain v. Louisiana High School Athletic Association, 398 So.2d 1386 (La., 1981), sheds light on how other states have dealt with the issue of whether a high school athletic association is a government actor subject to state open meeting laws. Here the Louisiana Supreme Court was asked to determine whether the Louisiana High School Athletic Association (LHSAA), an association of 450 public and private schools, was a “public body” subject to Louisiana’s Open Meeting Law. Id. at 1387. In finding that “the LHSAA and its official committees and subcommittees in their present form do constitute collective subcommittees or subcommittees of the parish school boards or State Board of Education for the purposes of the Open Meeting Law,” id. at 1390, the court noted: [a] the enormous de facto power exerted by the association; [b] the fact that the number of private schools in the association only amounted to about 20% of its total membership; [c] the realization that nonmembership is almost tantamount to obscurity in athletics; [d] the association is financed by membership dues and a percentage of gate receipts for some events; fielding athletic teams serves a useful educational purpose in complementing classroom instruction and is within the regulatory scope of government; [e] and interscholastic athletics is done with at least the implied consent of the state and local governing bodies. Id. at 1388-89. Every single one of these statements holds true by analogy to the MIAA as well.
Since the public school committees have collectively delegated their ability to control athletic programs to the MLAA, and the MIAA has agreed to act as their agent by performing this important public function, it adopts the attributes of its principals and is subject to the same requirements as other governmental bodies. The MIAA is a common agent of all its member schools, 77% of which are public, and it is thus a “governing body” in so far as it is an agent of the public schools. The Massachusetts Open Meeting Law therefore applies to the MIAA. The question remains, however, whether the law applies to the eligibility review process established by the MIAA’s rules.
B. Defendant MIAA’s eligibility review hearings qualify as meetings for the purposes of and are therefore subject to the Open Meeting Law.
Defendant asserts that the three steps of the eligibility review process do not constitute meetings within the definition of the Open Meeting Law. M.G.L.c. 39, §23A defines “meeting” as “any corporal convening and deliberation of a governmental body for which a quorum is required in order to make a decision at which any public business or public policy matter over which the governmental body has supervision, control, jurisdiction or advisory power is discussed or considered.”
Defendant argues that the eligibility review process does not involve a “public policy matter.” The decision whether or not to allow a student to compete in interscholastic sports could be said to qualify, however, as “public business.” The MIAA was created to “organize, regulate and promote interscholastic athletics for secondary schools of Massachusetts.” (Emphasis added.) The regulation of an important public school function concerns the public interest.
Defendant asserts that the eligibility review process cannot qualify as a meeting because it is the adjudicatory function of applying established rules to individual cases. Defendant argues that since “governmental body” does not include judicial or *103 quasi-judicial bodies as it is defined under M.G.L.c. 30A, §11A, then “governmental body" must not include review boards such as those of the MIAA under the Open Meeting Law of M.G.L.c. 39, §23B. The definition of governmental body under one chapter and section does not extend, however, to every other chapter and section, especially since M.G.L.c. 39, §23A is the only one we need consider for the purposes of the Open Meeting Law.
The Massachusetts Courts have previously determined that meetings of appeal and review boards are subject to the Open Meeting Law, despite their quasi-judicial nature. In Yaro v. Board of Appeals of Newburyport, 410 N.E.2d 725, 10 Mass.App. 587 (1980), the Appeals Court found that the Open Meeting Law applies to a zoning board of appeals. In this case, the plaintiff alleged that the zoning board of appeals failed to comply with the Open Meeting Law when it denied the appeal of a petition for a special building permit in a closed voting session. Id. at 726-27. Similarly, the review process of the MIAA should be subject to the Open Meeting Law regardless of whether it is quasi-judicial in nature. For purposes of the Open Meeting Law, the status of government body or its meeting as adjudicatory is irrelevant.
C. Conclusion
I declare pursuant to the Declaratory Judgments Act that the MIAA qualifies as a governmental body and its meetings should be subject to the Open Meeting Law. In this case, the review process would probably qualify as an “executive session” as that term is defined in M.G.L.c. 39, §§23A and 23B. Thus, plaintiff should have been afforded the benefit of the Open Meeting Law. Namely, he should have been given direct notice of the time and place of the review meetings and been afforded the right to be present, have counsel and speak in his own behalf.
As these issues were not reached while plaintiff was still a student, this case is moot. “The general rule is that courts ordinarily will not decide moot questions.” Norwood Hosp. v. Munoz, 409 Mass. 116, 121, 564 N.E.2d 1017 (1991). The Supreme Judicial Court has answered moot questions, however “where the issue was one of public importance, where it was fully argued on both sides, where the question was certain, or at least very likely, to arise again in similar factual circumstances, and especially where appellate review could not be obtained before the recurring question would again be moot.” Lockhart v. Attorney Gen., 390 Mass. 780, 783, 459 N.E.2d 813 (1983). Accordingly, due to the significance of this issue, and because of its proclivity to repeat itself while evading review, this matter constitutes an exception to the general rule. Defendant is an organization which regularly reviews students’ eligibility to participate in interscholastic sports and it is very likely that this same issue will arise again. For the foregoing reasons, therefore, plaintiffs motion for declaratory relief is granted.
ORDER
It is therefore ORDERED that defendant Massachusetts Interscholastic Athletic Association, Inc. comply with the Open Meeting Law provisions of M.G.L.c. 39 §23B.

 Plaintiff stipulated at commencement of trial that all other claims brought in his complaint had been rendered moot.