Doris Mullin & others[1] vs. Planning Board
of Brewster & another.[2]

Barnstable.    May 17, 1983. — November 30, 1983.

Present: Hale, C.J., Rose, & Brown, JJ.

Zoning, Special permit, Planned unit development. *Municipal Corporations*, Planning board. *Administrative Law*, Adjudicatory proceeding.

Proceedings before a municipal planning board on an application seeking a special permit under G. L. c. 40A, § 9, for construction of a planned unit development were adjudicatory in nature, and consequently only those members of the board who had attended the hearing on the application were entitled to vote on it.  [141-143]

A provision of a municipal zoning by-law permitting action on an application for a special permit by a concurring vote of at least four members of a planning board of seven members was inconsistent with G. L. c. 40A, § 9, requiring a two-thirds vote of a board having five or more members, and as a result the provision of the by-law was invalid. [143]

Where only four of the seven members of a municipal planning board had attended the hearing on an application for a special permit under G. L. c. 40A, § 9, for construction of a planned unit development, although six members subsequently voted in favor of the application, the decision of the board granting the special permit was invalid. [143-144]

Civil action commenced in the Superior Court Department on September 30, 1981.

The case was heard by *Rutledge*, J., on a motion for summary judgment.

*Frank J. Shealey* for the plaintiffs.

*Christopher P. Sullivan* for Bay Colony Property Co., Inc.

---

[1] Twenty-two other inhabitants of the town of Brewster.

[2] Bay Colony Property Co., Inc.

ROSE, J.  The principal issue raised on appeal is whether four members of the Brewster planning board (board) properly voted to issue a special permit to the defendant Bay Colony Property Co., Inc. (Bay Colony).  The board is comprised of seven full time members and no alternates.  It is designated as the town of Brewster's special permit granting authority (Authority) under G. L. c. 40A, § 9, as amended through St. 1980, c. 508, § 5.

In May of 1981, Bay Colony formally applied for a special permit to construct a planned unit development (PUD)[3] in the town of Brewster.  A public hearing was held in July, 1981, at which only four of the seven board members were present.  A large group of abutters, including many of the plaintiffs, attended the hearing to voice their opposition to the development.

Having taken the application under advisement, the board met again in August, 1981, but took no vote.  Six members of the board were present at this meeting, including the four who had been at the July meeting.  On September 1, 1981, the board reconvened to vote on Bay Colony's application.  All six members who had been present at the August meeting were again present.  However, upon the advice of town counsel, the two members who had not been present at the July public hearing abstained from voting on the special permit.  The four remaining members then voted unanimously in favor of granting the special permit.  On September 10, 1981, the board completed action on Bay Colony's application when it filed its decision with the town clerk in compliance with the requirements of G. L. c. 40A, § 9.

On September 30, 1981, the plaintiffs filed a complaint in the Superior Court under the procedure set forth in G. L. c. 40A, § 17.  The plaintiffs alleged, among other things,

---

[3] A planned unit development is defined in G. L. c. 40A, § 9, as a "mixed use development . . . of residential, open space, commercial, industrial or other uses and a variety of building types . . . determined to be sufficiently advantageous . . . to depart from the normal requirements of the district."

that because the board failed to comply with the voting provisions of G. L. c. 40A, § 9, it lacked authority to grant Bay Colony a special permit, and that the proposed development failed to qualify as a PUD under the same § 9.

The Superior Court granted the defendant's motion for summary judgment under Mass.R.Civ.P. 56, 365 Mass. 824 (1974), ruling as matter of law that the special permit had been validly granted. Upon a motion for reconsideration by the plaintiffs the judge subsequently vacated the judgment on the ground that only four members of the board had voted for the permit in violation of the two-thirds voting requirement of G. L. c. 40A, § 9. He ordered that the Superior Court should retain jurisdiction over the case and it was remanded to the board for further proceedings.

After complying with the requirements of G. L. c. 39, § 23A (the "Open Meeting Law"), the board met again on May 4, 1982, to vote on the issuance of the special permit. Present at this meeting were the four board members who had voted at the September meeting and the two members who had abstained from that vote. The six board members then voted unanimously to grant the permit.

The board renewed its motion for summary judgment in the Superior Court and the judge granted the motion. The plaintiffs appeal from entry of judgment in favor of the defendants.

1. The plaintiffs have set forth a persuasive argument that the second vote conducted by the board was invalid. They contend that, because two of the voting members failed to attend the board's public hearing on the permit, they could not participate in the decision of the board. The plaintiffs conclude that as this would leave only four members validly voting on the permit, the board cannot comply with the voting requirements established by G. L. c. 40A, § 9.

When a municipal administrative board is acting in a judicial or quasi judicial capacity, "all [members of the board] who are to join in the decision must have attended the hearing." *McHugh* v. *Board of Zoning Adjustment of*

*Boston,* 336 Mass. 682, 684-685 (1958). See also *Sesnovich* v. *Board of Appeal of Boston,* 313 Mass. 393, 396 (1943); contrast *Morgan* v. *Banas,* 331 Mass. 694, 696-697 (1954). The question presented by the parties is whether the board was acting in an adjudicatory capacity *so as to* require all voting board members to have attended the July, 1981, public hearing.

While a "planning board . . . is a local body and is not an 'agency' for the purposes of the State Administrative Procedure Act, G. L. c. 30A", *Chase* v. *Planning Bd. of Watertown,* 4 Mass. App. Ct. 430, 432 (1976), we may refer by analogy to the provisions of that act for the limited purpose of defining "an adjudicatory proceeding". *Boston Edison Co.* v. *Selectmen of Concord,* 355 Mass. 79, 83 (1968).

General Laws c. 30A, § 1 (1), as amended through St. 1979, c. 795, § 3, defines an adjudicatory proceeding as "a proceeding before an agency in which the legal rights, duties or privileges of specifically named persons are required by constitutional right or by any provision of the General Laws to be determined after opportunity for an agency hearing." See *Milligan* v. *Board of Registration in Pharmacy,* 348 Mass. 491, 494 (1965).

The board would have this court rule that it was functioning as a quasi legislative, rather than a quasi judicial body. The board suggests that it is not subject to the requirement that all of its members who vote must have been in attendance at the hearing prior to voting on an application for a special permit. See *Hayeck* v. *Metropolitan Dist. Commn.,* 335 Mass. 372, 375 (1957); see also *McHugh* v. *Board of Zoning Adjustment of Boston,* 336 Mass. at 685; 1958 Ann. Survey Mass. Law § 14.7, at 148.

This court has previously examined the quasi legislative — quasi judicial dichotomy. In *Cast Iron Soil Pipe Inst.* v. *State Examrs. of Plumbers & Gas Fitters,* 8 Mass. App. Ct. 575, 586 (1979), we indicated that an adjudicatory proceeding is one involving "particular persons, their business or property, and their relation to a particular transaction [rather than a question involving] . . . governmental

policy." See also 4 Anderson, American Law of Zoning § 25.05 (2d ed. 1968).

Because the application for a special permit directly affected the rights of Bay Colony, and given the quantum of procedural requirements involved in the issuance of a special permit under G. L. c. 40A, § 9 (see *O'Donnell* v. *Board of Appeals of Billerica*, 349 Mass. 324, 327 [1965]; *Milton Commons Assoc.* v. *Board of Appeals of Milton*, 14 Mass. App. Ct. 111, 114 [1982]), we conclude that the proceedings before the board were adjudicatory in nature. For these reasons, only those members of the board who attended the July, 1981, public hearing could properly vote on Bay Colony's application for a special permit.

2. The plaintiffs have argued that the provisions of G. L. c. 40A, § 9, unequivocally require a two-thirds vote of an authority having five or more members. This would indicate that the board may grant a special permit only upon a favorable vote of at least five of its seven members. The board has nevertheless argued that the special permit was validly granted under the provisions of § XI(J)(3) of the Brewster zoning by-law (1979) which only requires a "concurring vote of four or more members."

The validity of a by-law will not be upheld if "it is shown . . . that it conflicts with the enabling act." *Martin* v. *Rockland*, 1 Mass. App. Ct. 167, 169 (1973). See also *Collura* v. *Arlington*, 367 Mass. 881, 885 (1975). General Laws c. 40A, § 9, requires a two-thirds vote of an authority of more than five members. Because § XI(J)(3) of the Brewster zoning by-law is inconsistent with that requirement, that provision of the by-law is invalid.

The defendants' argument that it could properly transform itself into an authority of four members for this specific application is equally without merit. In *Gamache* v. *Acushnet*, 14 Mass. App. Ct. 215, 219 (1982), we held that a zoning board may not transform itself into a board of a lesser membership unless there is specific authority in the applicable governing statute for such a "metamorphosis." Having found no such language in G. L. c. 40A, § 9, we

conclude that the board may grant a special permit *only* upon a favorable vote of at least five of its seven members.

3. Because of the serious procedural errors of the board in voting on Bay Colony's application, a new hearing and vote are required. Since the matter must be remanded to the board for further proceedings, we shall treat briefly several other issues that are now properly before this court which may arise again.

The plaintiffs' argument that the proposed development fails to meet the requirements of a PUD is without merit. There is no necessity for a PUD to include all of the uses listed in G. L. c. 40A, § 9 (see n.3). The plain language of the section authorizes a development with any combination and any number of these possible uses.

The defendants' contention that Bay Colony has been constructively granted a special permit is also erroneous. A petition for a special permit will be constructively granted only when an authority fails to take final action on the application within the ninety day period under G. L. c. 40A, § 9. The board in this case did take final action by filing its initial decision with the town clerk well within the statutory period. See *Building Inspector of Attleboro* v. *Attleboro Landfill, Inc.,* 384 Mass. 109, 110 (1981). The subsequent invalidation of the board's vote has no effect on the finality of the board's action.

The judgment of the Superior Court is vacated, and a new judgment is to enter remanding the matter to the Brewster planning board for additional proceedings consistent with this opinion.

*So ordered.*