TENNECO OIL COMPANY & another[1] *vs.* CITY COUNCIL OF
SPRINGFIELD.

Hampden. January 10, 1990. - February 14, 1990.

Present: LIACOS, C.J., ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Zoning*, Special permit. *Municipal Corporations*, City council. *Administrative Law*, Adjudicatory proceeding.

Where a city council, without complying with the notice and publication requirements of G. L. c. 40A, § 9, voted to rescind its previous decision granting a special permit to store gasoline on certain premises, the purported rescission was without effect, and it was of no consequence that the rescissory vote was passed before the expiration of the statutory period for appeal from the council's original decision. [659-660]

CIVIL ACTION commenced in the Superior Court Department on September 25, 1987.

The case was heard by *William H. Welch*, J., on a motion for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Bruce L. Leiter*, Associate City Solicitor, for the defendant.

*Mark J. Albano* for the plaintiffs.

LYNCH, J. The city council of Springfield (council), appeals from summary judgment in favor of the plaintiffs. A Superior Court judge ruled that the plaintiffs are entitled to reinstatement of a council decision granting them a special permit to store gasoline. We transferred the case to this court on our own motion, and we now affirm the judgment of the Superior Court.

[1]Gulf Oil Company.

From uncontroverted affidavits the following facts appear. In 1987, the plaintiff Tenneco Oil Company agreed to sell to the plaintiff Gulf Oil Company property located in Springfield to be used in the bulk storage of gasoline. The contract was contingent on Gulf's procurement of a special permit for an expansion of gasoline storage capacity. A hearing was held on Gulf's application for a special permit on August 24, 1987, and the council voted to grant Gulf a special permit. On the same day, notice of the council's decision was filed in the city clerk's office and sent to the parties, thus setting in motion the twenty-day appeal period of G. L. c. 40A, § 9 (1988 ed.). No appeal was ever taken from the council's decision.

Thereafter, two informal meetings were held at which individuals opposed to the granting of the special permit voiced their objections. Some members of the council were present at these informal meetings.

On September 8, 1987, the council held an official meeting, and voted to rescind its earlier decision granting the special permit. The notice and publication requirements imposed by G. L. c. 40A, § 9, were not complied with in regard to the council's reconsideration of the special permit application.

The consideration of applications for special permits is adjudicatory rather than legislative in nature, *Hallenborg* v. *Town Clerk of Billerica*, 360 Mass. 513, 516 (1971); *Mullin* v. *Planning Bd. of Brewster*, 17 Mass. App. Ct. 139, 142-143 (1983), and therefore specific notice and hearing requirements apply. G. L. c. 40A, §§ 9 and 11 (1988 ed.). Under G. L. c. 40A, §§ 9 and 11, special permit-granting authorities must hold public hearings after complying with detailed procedures for notifying both the parties and the public.

As the judge below correctly pointed out, the rule that has emerged is that, when a board wishes to change or amend a previous decision, a zoning board has " 'inherent power . . . to correct an inadvertent or clerical error in its decision so that the record reflects its true intention' . . . [but that] the board may not make a substantive amendment which changes the result of an original deliberate decision, or which

grants relief different from that originally granted, without compliance with the relevant notice and hearing requirements" (citations omitted). *Huntington* v. *Zoning Bd. of Appeals of Hadley*, 12 Mass. App. Ct. 710, 714 n.4 (1981), quoting *Selectmen of Stockbridge* v. *Monument Inn, Inc.*, 8 Mass. App. Ct. 158, 164 (1979). See *Fish* v. *Building Inspector of Falmouth*, 357 Mass. 774, 775 (1970).

The council argues that this rule does not apply to this case because its decision did not become effective until the appeal period elapsed. The Appeals Court considered such a situation in *Potter* v. *Board of Appeals of Mansfield*, 1 Mass. App. Ct. 89 (1973), and determined that "the board's original decision . . . must be construed as a final decision denying the petitioner's application for a special permit, [and] that the petitioner can derive no assistance from the amended decision [announced during the appeal period]." *Id.* at 93-94.

The clear purpose of the hearing and notice requirements of G. L. c. 40A, §§ 9 and 11, is to ensure that zoning authorities act on special permit applications only after the opposing interests have had a fair opportunity to be heard. A zoning authority ought not be allowed to take one position at a hearing conducted after due notice, and then reverse itself at a subsequent meeting in the absence of one or more of the interested parties. To rule otherwise would encourage the kind of informal lobbying that apparently occurred here and would frustrate the policy of fairness and openness behind G. L. c. 40A, §§ 9 and 11.

We also note that it is of no consequence that the council may, as it asserts, have complied with its normal procedural rules in rescinding its initial decision. By complying with its own procedural rules a zoning authority does not free itself from applicable statutory requirements. See *Mullin* v. *Planning Bd. of Brewster*, 17 Mass. App. Ct. 139 (1983).

*Judgment affirmed.*