# JOHN BARBARO & others[1] *vs.* JOHN T. WROBLEWSKI & another.[2]

No. 97-P-1088.

Hampshire. November 4, 1997. - February 6, 1998.

Present: ARMSTRONG, PORADA, & LENK, JJ.

*Zoning,* Board of appeals: decision; Special permit; Site plan authorization; Hearing.

In an appeal under G. L. c. 40A, § 17, contesting a municipal zoning board's authorization of a site plan containing a de minimis violation of the applicable by-law, the judge's limited remand to the board to reconsider the site plan was appropriate and not an usurpation of the board's discretionary authority. [271-272]

A change in the membership of a municipal zoning board, occurring between the board's initial authorization of a special permit and the board's final authorization of the permit after remand, did not render the special permit invalid, where the only decision required of the board on remand was the authorization of the site plan at issue, and the same three members of the board who participated in the decision attended each of the hearings. [272-273]

In a zoning appeal, the judge did not err in refusing to grant the plaintiffs a postremand hearing on their objections to the municipal zoning board's final site plan authorization, where the judge could have determined that no useful purpose would be served by a further hearing on matters properly within the discretion of the board. [273]

CIVIL ACTION commenced in the Superior Court Department on August 17, 1993.

The case was heard by *Constance M. Sweeney*, J., and motions for clarification and for an additional hearing were heard by her.

*Michael Pill* for the plaintiffs.

*William C. Newman* for John T. Wroblewski.

*Alan Seewald* for Zoning Board of Appeals of Amherst.

---

[1]Andrew Glace and Frederic Hartwell.

[2]Zoning board of appeals of Amherst.

PORADA, J. The plaintiffs appeal from a decision of the Superior Court affirming the issuance of a special permit by the zoning board of appeals of the town of Amherst (board) after a limited remand to the board for site plan review. The plaintiffs argue that the judge impermissibly usurped the discretionary power of the board by limiting the remand to site plan review, improperly fragmented or bifurcated the special permit process by allowing separate authorization of the site plan, and erroneously denied the plaintiffs a hearing after the board's decision approving the site plan after remand. We affirm.

We summarize the relevant background. The landowner submitted an application for a special permit to develop sixteen townhouses on a parcel of land located in a general residence district under the zoning by-law. The board granted him a special permit to develop twelve townhouses, subject to a number of conditions, one of which required submission of a final site plan to the board for its authorization. The board conducted two hearings on the site plan. At the first hearing, an alternate member of the board substituted for one of the regular members of the board who had approved the grant of the special permit. At the second hearing, all three regular members of the board were present and voted to approve the site plan. The plaintiffs filed an appeal pursuant to G. L. c. 40A, § 17, in the Superior Court.

At trial, the plaintiffs argued primarily that the special permit was invalid because the proposed project exceeded the building and lot coverage requirements of the by-law and because an alternate member of the board had substituted at the site plan hearing for one of the regular members of the board. The judge found that the proposed project exceeded the maximum lot coverage allowed by the by-law by a mere one percent because of the board's failure to include decks and overhangs from bay windows and roofs in their calculation of building coverage but that this defect was easily remediable; further, the substitution of an alternate member for a regular member of the board during the site plan hearings did not constitute grounds to invalidate the permit. Nevertheless, because of the deviation from the by-law's requirement of maximum lot coverage, the judge revoked the special permit and remanded the matter to the board to reconsider an amended application and revised site plan that met the building and lot coverage requirements of the by-law as defined by the judge's decision. The judge specifically provided

that "[t]he [b]oard shall then review the application, as amended, and vote thereon. The court retains jurisdiction of this matter."

Subsequent to the issuance of this order of remand, the landowner filed a motion for clarification of the judge's order in the Superior Court, inquiring whether the board's inquiry was limited solely to site plan review or a reconsideration of the grant of the special permit. The judge ruled that the remand was limited solely to a review of the revised site plan and that, "[u]nless the [b]oard, upon reconsideration, rejects the revised site plan, the [b]oard's granting of the special permit shall be affirmed." Upon remand to the board, the landowner submitted a revised site plan which removed the decks from the units. The board approved the revised site plan. The plaintiffs then moved for a hearing before the Superior Court on the ground that the revised site plan failed to comply with the by-law relative to the number of parking spaces, maneuverability of cars within the proposed project, and the required width of entrance and exit driveways. The plaintiffs also asserted that the judge's remand order improperly limited the remand to site plan review and foreclosed reconsideration of the issuance of the special permit. The judge denied the motion for a hearing and ordered judgment to issue affirming the board's issuance of a special permit.

We now address the plaintiffs' arguments.

1. *The order of remand.* The plaintiffs argue that the judge impermissibly limited the remand to the consideration of the site plan on the ground that this constituted an usurpation of the board's discretionary powers. We do not agree.

Here, the judge specifically found that the board's decision to grant a special permit was proper but that the board had erred in determining the project's lot coverage, which exceeded the by-law requirements of maximum lot coverage by one percent, a defect she found was easily remediable. Compare *McCaffrey* v. *Board of Appeals of Ipswich*, 4 Mass. App. Ct. 109, 113 (1976) (in annulling the board's decision affirming a building inspector's denial of a building permit, we remanded the case to the board to consider the applicability of the parking requirements of the by-law to the proposal and to allow the applicant to make such modifications as might have appeared necessary on reconsideration). The judge did not substitute her judgment for that of the board. She simply allowed the board to reconsider the landowner's compliance with the lot coverage requirements

of the by-law, based on an interpretation of the by-law not previously considered by it, and also allowed the landowner to make such minor modifications in his proposal to meet that requirement. In doing so, the judge sought to avoid prolonging the controversy in the form of further applications, hearings, decisions, and appeal. Accordingly, she remanded the matter to the board simply to give the landowner an opportunity to correct a de minimis violation of the by-law by submitting a revised site plan to the board for its review. This is a procedure that our appellate courts have recognized is appropriate in certain circumstances. See *Roberts-Haverhill Assocs.* v. *City Council of Haverhill*, 2 Mass. App. Ct. 715, 717-718 (1974). Here, where the violation of the by-law was easily remediable without material or substantial changes in the proposal and where the judge properly left the decision of site plan authorization to the board as a prerequisite for the grant of a special permit, contrast *Chambers* v. *Building Inspector of Peabody*, 40 Mass. App. Ct. 762, 765-766 (1996), we conclude the limited remand to the board was appropriate and was not an usurpation of the board's discretionary authority.

2. *Bifurcation of the special permit process.* The plaintiffs argue that the special permit authorization process was invalid because the same members of the board did not hear or vote on the site plan authorization imposed as a condition of the issuance of a special permit. The plaintiffs point to the fact that an alternate member of the board substituted for a regular member of the board at the first site plan review hearing before the board's authorization of the special permit and that a regular member of the board who approved the issuance of the special permit was no longer a member of the board when the board gave final authorization of the site plan after remand. We note that the plaintiffs' objection that an alternate member substituted for a regular member of the board at the first site plan review hearing has been rendered moot by the court's order of remand requiring the board to reconsider site plan authorization. Likewise, a change in the board's membership would not in the circumstances of this case render the special permit invalid. While we recognize that ordinarily the same three members of the board who act in a judicial or quasi judicial capacity and who are to join in the decision must be present at each hearing, *Mullin* v. *Planning Bd. of Brewster*, 17 Mass. App. Ct. 139, 141 (1983), there was no violation of that legal principle in this

case. Here the only decision on remand required of the board was authorization of the site plan, and the same three members of the board who participated in the decision attended each of the hearings. This is not a case where, after the issuance of the special permit, the board left to a future determination its authorization of the site plan or a case where the board delegated its authorization to another board. Contrast *Tebo* v. *Board of Appeals of Shrewsbury*, 22 Mass. App. Ct. 618, 623-625 (1986), *S.C.*, 400 Mass. 464 (1987).

3. *Denial of a postremand court hearing.* The plaintiffs assert that the judge erred in refusing to grant them a hearing on their objections to the final site plan authorization after remand. While it might well have been better practice to grant a hearing, we do not conclude that the judge's failure to do so amounted to error. The judge based her decision on the fact that the plaintiffs' request was simply a request for reconsideration of her findings, but we do not agree that all of their claims could be so characterized. While the plaintiffs' claims of error based on the number of parking spaces, car maneuverability, and the judge's limited order of remand could properly fall within the scope of the judge's initial decision that the proposed project comports with all the requirements of the applicable law with regard to the issuance of a special permit and of her ruling on the defendant's order for clarification, the plaintiffs' challenge as to the number of required parking spaces and width of the driveways does not appear to have been previously addressed. Nevertheless, the judge could rightfully have determined that no useful purpose would be served by a further hearing because compliance with the challenged provisions of the by-law were matters that could be modified or waived by the board in its discretion and because the board was careful to obtain both the fire chief's authorization and the town engineer's authorization of the submitted site plan before giving its authorization to the plan presented. In those circumstances, we conclude that the judge acted properly in allowing judgment to issue without further hearing.

*Judgment affirmed.*