Fremont-Smith, J.
This matter arises out of a denial of an application for a special permit submitted by the plaintiff Margot Xarras (“Xarras”) to the defendants, the Zoning Board of Appeals of the Town of Westminster (“Board”). The plaintiff sought to obtain a permit to use the land at 88 Sargent Road, Westminster, Massachusetts as a gasoline service station. The request was denied and the plaintiff appealed, contending that the defendants committed procedural errors rendering their decision ineffective and requiring this court to grant summary judgment as a matter of law. For the following reasons, it is hereby ORDERED that the plaintiffs motion for summary judgment is DENIED and the defendant’s cross motion for summary judgment is ALLOWED.
BACKGROUND
In June 1996, the plaintiff filed an application for a special permit with the Board requesting the use of the premises located at 88 Sargent Road as a gasoline service station. Following a public hearing, the request was denied and no appeal was taken.
On December 4, 1996, the plaintiff filed another application for a special permit with the Board requesting the use of the same premises for a gasoline service station. On January 16, 1997, the Board convened to consider the petition pursuant to M.G.L.c. 40A, §9. At the commencement of the hearing the issue *546 of repetition arose, the Board being uncertain whether the petition differed sufficiently from the previous petition to warrant the Board’s consideration of the matter. Pending a determination of the issue of repetition, the Board continued the hearing until February 27, 1997. During the February hearing, the Board determined that there were specific and material changes in the current petition to empower the Board to consider the matter anew. The Board proceeded to hear the case on its merits and voted to deny the petition. The plaintiff subsequently filed this action, contending that the Board committed procedural errors because: 1) two of the three Board members who voted to deny the permit in February did not attend the January hearing; 2) the Board failed to hold both hearings within sixty-five days of the date of application; and 3) the Board failed to file their decision with the Westminster Town Clerk within fourteen days.
DISCUSSION
A.Summary Judgment Standard
The Court grants summary judgment where there are no genuine issues of material fact and where the nomnoving party is entitled to judgment as a matter of law. Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or by demonstrating that proof of that element is unlikely to be forthcoming at trial. Flesner v. Technical Commun. Corp., 410 Mass. 805, 809 (1991). If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat the motion. Pederson, supra, at 17. The opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
B.Validity of Board Vote
The plaintiff moves for summary judgment on the ground that two of the three Board members who voted on the merits of the petition did not attend the first public hearing in January, relying on McHugh v. Board of Zoning Adjustment of Boston, 336 Mass. 682, 684-85 (1958) (all members who vote on a decision must have attended the hearing); Sesnovich v. Board of Appeals of Boston, 313 Mass. 393, 396-98 (1943) (same); and Mullin v. Planning Board of Brewster, 17 Mass.App.Ct. 139 (1983) (only those members who had attended all three meetings on an application could vote on the decision).
The only cited case involving multiple hearings, however, is Muffin; and the facts in Mullin are distinguishable from the facts in the case at bar. In Mullin, evidence as to the merits of the decision was presented to the board during each hearing on the matter, but members who had not attended the earlier hearing voted on the petition. The Court required a new adjudicatory hearing, which all voting members would have to attend. In this case, however, the merits of the application were not considered at the first meeting, but it was merely voted to continue the meeting pending a resolution of the question whether or not the petition was barred because it was repetitive of an earlier petition. An affidavit of Elizabeth Aveni, a Board member, establishes that there was no hearing on its merits at the first hearing in January, but that the only issue addressed in January was whether the petition was repetitive. The Board’s own decision, which denies the permit application, corroborates that the January hearing did not address the merits, but addressed only the procedural aspects of the matter.
It is thus apparent that the case was not heard on its merits until the February meeting, at which members who were present for the hearing voted on the application, thereby adhering to the requirements set forth in the above-cited cases.
C.Timeliness of Decision and Filing
Plaintiff further contends that defendant violated c. 40 by failing to hold a hearing on the petition within the sixty-five days of the application. Plaintiff filed the application on December 4, 1996, however, and a hearing was convened on January 16, 1997, well within the sixty-five day period. The fact that the meeting was continued to a later date, for a valid reason, does not constitute a violation of the statute.
Plaintiff also contends that defendant failed to file its decision with the clerks office within ninety days following the date of the public hearing. See G.L.c 40A, §9. The decision, however, was filed eighteen days after the Board voted on the petition,[3] thus complying with the mandate of G.L.c. 40A, §9. Moreover, G.L.c. 40A, §9 provides that, upon a failure by the Board to issue a decision within the required period, a petitioner may notify the clerk’s office in writing within fourteen days from the expiration of the ninety-day period, of any such failure to act, which shall be treated as a grant of the permit, but no such notification was ever made.
ORDER
For each of the foregoing reasons, it is hereby ORDERED that the plaintiffs motion for summary judgment is DENIED and the defendant’s cross motion for summary judgment is ALLOWED. Judgment shall be entered for the defendants.

 Any failure in this regard, moreover, was waived.