Hely, J.
All parties have moved for judgment on the pleadings. The material facts are undisputed. The Conservation Commission consists of seven members. The Commission held hearings on the order of conditions on four meeting dates. At the fourth hearing on October 10, 2002, the order of conditions was approved by a vote of four to two. Three of the Commission members who voted in favor of the order of conditions had missed one or more of the prior hearings. One of the members who voted against the order of conditions had missed two of the prior hearings.
The votes by the four Commission members who had missed one or more of the prior hearings were invalid under the rule stated in Mullin v. Planning Board of Brewster, 17 Mass.App.Ct. 139, 141-43 (1983). The Conservation Commission proceedings on the order of conditions in this case amounted to an adjudicatory proceeding by a municipal board. The case involved not rule-making but an adjudicatory decision on a particular project on a particular parcel of land. The Commission’s authority included the power to disapprove an application for an order of conditions. Such action can have the effect of defeating the landowner’s proposed construction, despite approval by other town or state agencies, subject only to the narrow certiorari review under G.L.c. 249, 4. See Fafard v. Conservation Commission of Reading, 41 Mass.App.Ct. 565 (1996); FIC Homes of Blackstone, Inc. v. Conservation Commission of Blackstone, 41 Mass.App.Ct. 681, 684-85 (1996); cf. Sierra Club v. Commissioner of Department of Environmental Management, 439 Mass. 738, 745-49 (2003). There is no sound legal basis for not applying the Mullin rule to the Conservation Commission proceeding in this case.
The only legally valid votes in this case were by the two members who had attended all four hearings. These two members did not constitute a quorum necessary for a valid vote. One of these members voted in favor of approval and one voted against approval. There was not a majority of valid votes in favor of approval, and the court must therefore annul the Commission’s action. Mullin, 17 Mass.App.Ct. at 144.
*57 The Mullin rule has not previously been applied to a conservation commission by a reported decision of a Massachusetts appellate court. The rule imposes extra public service burdens on volunteer members of local boards. The four hearings in this case amounted to a relatively protracted proceeding for the members. There is no suggestion of bad faith or intentional disregard of the law by the Commission or any of its members. For these reasons, the order annulling the Commission’s decision is without prejudice to the Commission rehearing the matter or taking such further action as it deems appropriate either on Mr. Solimando’s original application or on a new application on the same project. The legal invalidity of the prior vote will not be treated as the equivalent of a disapproval of the application for an order of conditions. Mullin, 17 Mass.App.Ct. at 144 (because of the invalid vote and quorum error “a new hearing and vote are required”).
This decision is based only on the fact that four of the voting members missed at least one of the prior substantive hearing sessions on this application. The Mullin rule should not be carried to extremes. A municipal board must retain some reasonable degree of flexibility in carrying out its duties, especially when the same project or case involves hearings on multiple nights. Cf. Barbara v. Wroblewski, 44 Mass.App.Ct. 269, 272-73 (1998). The court does not suggest that a board or conservation commission member will automatically be disqualified from voting on a project if he or she has been late for a meeting or has missed a meeting when there has been some minor discussion about a project. There may also be some circumstances when a board will be justified in rehearing a session and treating a prior session as void if it is necessary to obtain a quorum of members who have attended every session and if the public hearing rights of residents and interested parties are preserved.
Because the vote of the Conservation Commission in this case was legally invalid, the court will not consider the plaintiffs argument that the decision to approve the order of conditions was not supported by substantial evidence.
ORDER
A judgment will enter annulling the Milton Conservation Commission order of conditions of November 1, 2002, for Lot 1, Woodland Road, and remanding the matter to the Milton Conservation Commission for further proceedings consistent with the court’s Memorandum of Decision and Order in this case.