NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-848

MARIO MARIANI & others[1]

vs.

PLANNING BOARD OF DENNIS & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Mario Mariani and Priscilla Mariani (plaintiffs)[3] appeal from summary judgment dismissing both their challenge under G. L. c. 40A, § 17, to a decision of the planning board of Dennis (board)(first count), and their claim for declaratory judgment (second count).  See G. L. c. 231A.  Because we agree with the judge that the plaintiffs failed to sustain their burden as to their standing under either G. L. c. 40A (zoning act) or G. L. c. 231A, we affirm.

Background.  At issue is the plaintiffs' challenge to the board's decision to grant a special permit pursuant to § 8.5.3 of the Dennis Zoning Bylaw, allowing defendant, Upper County

---

[1] Priscilla Mariani and Andrew Murray.
[2] Upper County Residences, LLC.
[3] Andrew Murray did not file a notice of appeal and has not otherwise participated in this appeal.

Residences (UCR), to build eight two-bedroom housing units at 232 Upper County Road (property), in Dennis Port, within the Dennis Port Village Center District. Two units were planned to be low-income housing. The lot size was less than 35,000 square feet. The plaintiffs are homeowner abutters of the property to the north.

On February 1, 2021, after a public hearing, the board granted the special permit subject to fifteen specific conditions.

The plaintiffs appealed the special permit in the Barnstable Superior Court under G. L. c. 40A, § 17, on February 18, 2021.

The plaintiffs and defendants both moved for summary judgment on the first (and at that time, the only) count of the plaintiffs' complaint. After the motions for summary judgment were filed, the plaintiffs filed an amended complaint, which added a new claim for declaratory judgment pursuant to G. L. c. 231A.

On March 31, 2022, the judge denied the plaintiffs' motion for summary judgment and granted the defendants' cross-motion as to all counts of the amended complaint. This appeal followed.

Analysis. 1. Standard of review. We review a grant of summary judgment de novo. See Marhefka v. Zoning Bd. of Appeals of Sutton, 79 Mass. App. Ct. 515, 517 (2011). Summary judgment

is appropriate where no material facts are in dispute and the moving party is entitled to a judgment as a matter of law. See 81 Spooner Rd., LLC v. Zoning Bd. of Appeals of Brookline, 461 Mass. 692, 699 (2012). "[W]here both parties have moved for summary judgment, [we view] the evidence . . . in the light most favorable to the party against whom judgment [was entered]." Id., quoting Albahari v. Zoning Bd. of Appeals of Brewster, 76 Mass. App. Ct. 245, 248 n.4 (2010). See also Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002).

2. Standing for G. L. c. 40A. a. Presumption of standing. As abutters to the property, the plaintiffs here are "parties in interest" entitled to a rebuttable presumption of standing. Murray v. Board of Appeals of Barnstable, 22 Mass. App. Ct. 473, 476 (1986). See G. L. c. 40A, § 17. The defendants may rebut an abutter's presumption of standing at summary judgment by, as relevant here, producing an expert affidavit or other credible affirmative evidence that refutes the presumption.[4] See 81 Spooner Rd., LLC, 461 Mass. at 702-703.

---

[4] Alternatively, the defendants can show that the plaintiffs' interest is not one that the zoning act was meant to protect. 81 Spooner Rd., LLC, 461 Mass. at 702-703. In their motion, the defendants do not attempt to challenge the plaintiffs' arguments about traffic, noise, or wastewater disposal as beyond the scope of the zoning act's protections, see Picard v. Zoning Bd. of Appeals of Westminster, 474 Mass. 570, 574 (noting "typical zoning concerns," including "density, traffic, parking availability, [and] noise"); Bylaws §§ 1.4.2.1 (noise), 1.2

3

If the defendants rebut the presumption, the burden shifts back to the plaintiffs to present credible evidence to substantiate their allegations. Id. at 701. To do so, they must show they do or will suffer a unique, special, cognizable injury that is "not merely reflective of the concerns of the community." Denneny v. Zoning Bd. of Appeals of Seekonk, 59 Mass. App. Ct. 208, 212 (2003). See, e.g., Standerwick v. Zoning Bd. of Appeals of Andover, 447 Mass. 20, 33 (2006); Barvenik v. Aldermen of Newton, 33 Mass. App. Ct. 129, 132 (1992); Harvard Sq. Defense Fund, Inc. v. Planning Bd. of Cambridge, 27 Mass. App. Ct. 491, 493 (1989).

b. Noise, traffic, and sewage and flooding. We are satisfied that the defendants' expert affidavits provided the credible evidence necessary to rebut the plaintiffs' claims of aggrievement related to noise, traffic, and sewage and flooding. The affidavits from acoustical engineer, Christopher Menge; traffic engineer, Robert Michaud; and designer of the septic system, John O'Reilly, averred that ambient noise on the plaintiffs' property would be diminished, traffic would remain unaffected, and the septic system was up to code and would adequately protect against sewage and water overflow. We

(traffic and wastewater); rather, they argue that the plaintiffs' claims are unfounded or de minimis.

4

conclude that each of these affidavits rebutted the plaintiffs' presumption of standing.

In response, the plaintiffs attempt to discredit these affidavits, but do not offer any affirmative evidence of their own.  This approach is unavailing, see Barbetti v. Stempniewicz, 490 Mass. 98, 116 (2022), quoting Bulwer v. Mount Auburn Hosp., 473 Mass. 672, 689 (2016) ("on a motion for summary judgment, 'a court does not . . . assess credibility'"), where the plaintiffs failed to establish the existence of a genuine issue of material fact as to the increase in noise, traffic, and potential for flooding created by UCR's proposed development of the property.[5] See Barbetti, 490 Mass. at 116.  Such "speculative personal opinion," Standerwick, 447 Mass. at 33, was inadequate to create a question of material fact and thereby failed to confer standing.  Barvenik, 33 Mass. App. Ct. at 132 n.9 & 133 ("Even when positing legitimate zoning-related concerns, including possible vehicular traffic increases, . . . a plaintiff must nonetheless offer more than conjecture and hypothesis").

_____

[5] While we view the evidence presented in the light most favorable to the plaintiffs, the fact that O'Reilly's affidavit did not attach all the documentation on which the affiant relied (specifically, a HydroCAD Modeling report illustrating anticipated improvements in stormwater runoff amounts resulting from implementation of O'Reilly's system) did not rob the affidavit of its evidentiary value.

c.  Neighborhood character.  The potential inconsistency in aesthetics or neighborhood appearance is not ordinarily considered an interest intended to be protected by G. L. c. 40A, Harvard Sq. Defense Fund, Inc., 27 Mass. App. Ct. at 493 ("[M]atters, essentially involving the expression of aesthetic views and speculative opinions, do not establish a plausible claim of a definite violation of a private right, property interest, or legal interest sufficient to bring . . . plaintiffs within the zone of standing"), and while we acknowledge that the town bylaws call for the board to consider the "[c]ompatibility of the proposed use with surrounding land uses, so as to minimize harmful impact or conflict with existing desirable neighborhood character, including . . . aesthetic values" when acting on requests for special permits, see Dennis Bylaws § 1.4.2.1 (d), as amended May 2, 2017, we are not persuaded that this case presents an exception to the usual rule.

The plaintiffs' claimed aggreivement about incompatible architectural styles is not the kind of infringement on an individual property or private right necessary to survive summary judgment in the circumstances here, at least absent a more specific allegation of harm caused by the project's design. See Murchison v. Zoning Bd. of Appeals of Sherborn, 485 Mass. 209, 214 (2020) ("The language of a bylaw cannot be sufficient in itself to confer standing:  the creation of a protected

6

interest [by statute, ordinance, bylaw, or otherwise] cannot be conflated with the additional, individualized requirements that establish standing" [citation omitted]); Sweenie v. A.L. Prime Energy Consultants, 451 Mass. 539, 544-545 (2008) (even if bylaw created protected interest, plaintiffs must "establish[] the link between the bylaw and themselves" and their property). Contrast Monks v. Zoning Bd. of Appeals of Plymouth, 37 Mass. App. Ct. 685, 688 (1994).

d. Violation of density requirements. Because under § 8.5.3, the board had discretion to grant UCR a variance from the density requirements set forth in that section, and acted within that discretion, its approval of UCR's request for the special permit needed to develop the property did not violate the density provisions of the bylaws as written.[6] See Dennis Bylaws § 8.5.3. See also G. L. c. 40A, § 9.

Even if that were not the case, we are not persuaded that the plaintiffs demonstrated standing based on its density argument. To establishing standing, a plaintiff must do more than merely allege a zoning violation. Murchison, 485 Mass. at 214. Here, as we have discussed, the plaintiffs have failed to provide the evidence necessary to demonstrate their claimed

---

[6] We acknowledge the plaintiffs' challenge to the legality of § 8.5.3. Based on our conclusion, infra, that the plaintiffs lacked standing to seek declaratory relief here, however, we do not address that challenge further.

aggrievement based on the potential harms of overcrowding --
specifically, noise, traffic, and sewage.  This case is
distinguishable on that basis from Dwyer v. Gallo, 73 Mass. App.
Ct. 292, 297 (2008), on which the plaintiffs rely for the
proposition that "violation of the density provisions of the
zoning by-law will generally constitute harm sufficiently
perceptible and personal to . . . confer standing to maintain a
zoning appeal."  In Dwyer, the challenged permit increased the
density in a neighborhoood where construction was already more
dense than the bylaws permitted, and "the direct impacts on the
[plaintiffs'] property from construction in violation of the
density requirements of the by-law [were] evident."  Id.  See
Sheppard v. Zoning Bd. of Appeal of Boston, 74 Mass. App. Ct. 8,
12 (2009) (holding plaintiff had standing where variances
granted would exacerbate Boston's existing density problems).
Cf. Marotta v. Board of Appeals of Revere, 336 Mass. 199, 203-
204 (1957) ("status of the property or of the plaintiffs may be
such that the plaintiffs are not aggrieved even though the
property is very near").

e.  Privacy and overcrowding.  Although we acknowledge that
protection from overcrowding, generally, is an interest
protected by the bylaws, see Dennis bylaw § 1.2 (objectives of
bylaws include "prevent[ion of] the overcrowding of land"), we
are not persuaded that the bylaws' density requirements are

8

intended to insulate the plaintiffs from any loss of privacy occasioned by the development of the property. See, e.g., Murchison, 485 Mass. at 214 (finding dimensional lot width zoning requirement had no demonstrated purpose to control density or to protect particular abutter's interest); 81 Spooner Rd., LLC, 461 Mass. at 700.

Even if we were to find a protected privacy interest within the density bylaws, the plaintiffs' claims that their privacy would be impacted by, for example, occupants of the new development peering into their yard, were too speculative and intangible to meet the standing requirement under c. 40A. See 81 Spooner Rd., LLC, 461 Mass. at 702-703; Marashlian v. Zoning Bd. of Appeals of Newburyport, 421 Mass. 719, 723 n.5 (1996) (contrasting "tangible loss of parking spaces" with "uncorroborated speculations" about possibility that headlights would shine into window); Tsagronis v. Board of Appeals of Wareham, 33 Mass. App. Ct. 55, 58-59 (1992), rev'd other grounds, 415 Mass. 329 (1993) (plaintiff aggrieved by variance allowing construction that would partially block plaintiff's water view). Moreover, such claims are not direct consequences of the density concerns on which much of their argument relies.

Bertrand v. Board of Appeals of Bourne is not to the contrary; there, the plaintiffs' privacy concerns were compounded by affirmative evidence of the negative impacts

caused by artificial light and sewage issues. Bertrand v. Board of Appeals of Bourne, 58 Mass. App. Ct. 912 (2003). Likewise, the plaintiffs have also failed to present more than speculation to support ther claims that UCR's development will impact their use of their yard to make audition tapes. With no tangible harm, and relying solely on an alleged violation of a bylaw, the plaintiffs again are unable to establish a private right sufficient to presume aggrivement and standing as abutters.

3. Revision without a public hearing. Our conclusion that the plaintiffs lacked standing to challenge the board's decision also disposes of their challenge to the board's procedure. Even if it did not do so, however, the board's failure to hold an additional public hearing before approving the amendment to UCR's permit would not have entitled them to summary judgment nor defeated the defendants' motion because the alteration at issue in the amendment was neither an actual change nor a "substantive" one. See Tenneco Oil Co. v. City Council of Springfield, 406 Mass. 658, 659-660 (1990). The change to Condition 14 was limited to landscaping on one portion of the property and was affirmatively requested as a condition of the original special permit following a public hearing attended by the plaintiffs.

4. Declaratory judgment. We likewise conclude that summary judgment in favor of the defendants was proper on the

question of the plaintiffs' standing to seek a judgment declaring invalid §§ 4.9.2.2.2 and 8.5.3 of the Dennis bylaws. Those sections address, inter alia, the board's authority to grant special permits allowing successful petitioners to create housing that exceeds the town's base residential density. See Dennis bylaw §§ 4.9.2.2.2, 8.5.3. They do not, however, "state . . . the maximum increases in density of population . . . which may be authorized by such special permits," notwithstanding the requirement in the enabling statute under which these bylaws were promulgated that they do so. G. L. c. 40A, § 9. The plaintiffs argue that because the bylaws do not conform to the requirements of § 9, they are invalid. The question is again one of the plaintiffs' standing to raise the argument.

For a court to entertain an action for declaratory judgment under G. L. c. 231A, § 1, the plaintiff must allege "an 'actual controversy' [and] . . . demonstrate the requisite legal standing to secure its resolution." Massachusetts Ass'n of Indep. Ins. Agents & Brokers, Inc. v. Commissioner of Ins., 373 Mass. 290, 292 (1977). Where, as here, the plaintiff's claim "involves a dispute over an official interpretation of a statute and the validity of a regulation promulgated pursuant to that interpretation, a justiciable controversy exists." Id. at 293. Standing, however, only exists where a party can allege individualized harm, Sudbury v. Massachusetts Bay Transp. Auth.,

11

485 Mass. 774, 780 (2020), "within the area of concern of the statute or regulatory scheme under which the injurious action has occurred."  Massachusetts Ass'n of Indep. Ins. Agents & Brokers, Inc., supra at 293.  In contrast to their claims under G. L. c. 40A, the plaintiffs do not enjoy a presumption of standing as abutters to the property.  See Enos v. Secretary of Envtl. Affairs, 432 Mass. 132, 135 (2000).  For the reasons we have already discussed, the plaintiffs have failed to do more than speculate about what harm, if any, they are likely to suffer as a result of the increased density occasioned by the board's issuance of a special permit for UCR's development of the property.[7]  Because they have failed to demonstrate standing to pursue their declaratory judgment claim, summary judgment in favor of the defendants on that claim was proper.

Judgment affirmed.

By the Court (Wolohojian, Singh & Hand, JJ.[8]),

_Joseph F. Stanton_
Clerk

Entered:  August 25, 2023.

---

[7] Nothing in this decision should be read to conflate the standards applicable to the plaintiffs' various claims in this case.
[8] The panelists are listed in order of seniority.

12