Cameron *v*. DiVirgilio.·

DONALD CAMERON & others[1] *vs*. BRUCE DIVIRGILIO & another.[2]

No. 00-P-36.

Hampshire. February 12, 2002. - May 30, 2002.

Present: BROWN, LENK, & GREEN, JJ.

*Zoning*, Board of appeals: decision, Special permit, By-law.

A District Court judge correctly upheld the granting of a special permit by a town's zoning board of appeals where, although a member of the board resigned before the board's decision was filed with the town clerk, the board member had not yet resigned on the date the board voted to approve the special permit application. [26-28]

There was no merit to the plaintiffs' contention that the granting of a special permit to the plaintiffs' neighbor by a town's zoning board of appeals was invalid because an administrative assistant to the board signed as proxy a board member's signature on the board's decision, especially given the lack of any statutory edict that the decision be signed by all members. [28]

A special permit for a supplemental apartment granted by a town's zoning board of appeals did not conflict with the town's zoning by-law insofar as the gross floor area of the apartment would exceed the 600 square foot maximum if either the square footage of a staircase or of the attic had been included in the board's calculation, where the term "gross floor area" was not defined by the by-law, but the board, in effect, reasonably interpreted the term as connoting habitable space, as it excluded the stairs and attic from its calculation. [28-29]

CIVIL ACTION commenced in the Northampton Division of the District Court Department on February 18, 1999.

The case was heard by *James B. McElroy*, J.

*Michael J. Serduck* for the plaintiffs.

[1] Janice Cameron, Gregg and Sallie Schneider, Jessie and Judith Ortiz, David Graham, Samuel Medina, Richard and Roberta Pastorello, John Feudo, Margaret Jablowski, Joe and Julie Malen, Fred and Victoria Blodgett, Ivan and Marija Popstefanija, Stephen and Sara Tanne, Martin and Brenda Miller, Ching Chang, Sheila and Irwin Nussbaum, Patricia Mercaitis and David Lee.

[2] Zoning board of appeals of Amherst.

*Michael Pill* for Bruce DiVirgilio.

LENK, J. The plaintiffs appeal from a District Court decision upholding the grant by the defendant zoning board of appeals of Amherst of a special permit for a supplemental apartment to the defendant Bruce DiVirgilio, the plaintiffs' neighbor. On appeal, the plaintiffs make two claims: (1) the permit is invalid both because a zoning board member resigned before the board's decision was filed with the town clerk and because an administrative assistant signed as proxy that member's signature on the board's decision; and (2) the permit violates the town's by-laws.[3] We affirm.

*Facts.* On September 26, 1999, DiVirgilio filed his application for a special permit to allow construction of a supplemental apartment to his single-family house. The apartment was to be located over the garage and it was to contain a living room, kitchen, and bedroom. A door on the side of the garage would lead to interior stairs to the apartment, and an exterior stairway that was to be on the back, leading to a deck and then to the ground, would provide a second means of egress. An attic measuring twenty-one feet by twenty-five feet — the same dimensions as the apartment — would exist above the apartment for storage use by tenants. All three members of the zoning board, Ed Sunderland, John Ryan, and Susan Woglom, conducted a site visit and were present at the public hearing held on January 7, 1999.[4] The board voted unanimously at that hearing to approve the special permit, upon the condition that the house be owner occupied.

---

[3]The plaintiffs allege that the trial judge erred in concluding that they lacked standing to pursue an appeal of the zoning board decision. Although defendant DiVirgilio invited the judge to make such a ruling, it is not at all plain from the decision that the judge in fact made a determination that the plaintiffs' presumptive standing had been rebutted. See *Marashlian* v. *Zoning Bd. of Appeals of Newburyport,* 421 Mass. 719 (1996). Although both parties briefed the issue, we do not reach it given our disposition of the case.

[4]A prior public hearing on the requested special permit, spread over three nights, was determined to be invalid because of insufficient public notice. The board held a new hearing, which was noticed by publication and mailed to parties in interest. Between the two sets of hearings, the homeowner's plan was amended to reduce the number of parking spaces from three to two, to increase the density and height of the natural screening of the parking area, and to enclose the stairway leading to the supplemental apartment.

Sometime between this vote of approval and February 1, 1999, the board's administrative assistant, Lynda Faye, drafted a "Zoning Permit" and a "Decision" to reflect what had occurred at the January 7 hearing. Members Sunderland and Ryan signed the "Decision," while Woglom authorized Faye via telephone to sign it on her behalf. The decision was filed with the town clerk's office on February 1, 1999.

In a letter dated December 28, 1998, Woglom had notified the town select board that she planned to be out of the country for the next year. She wrote, "I will be out of the country from January 1999 to January 2000, and ask that you appoint a temporary replacement for my seat on the Zoning Board of Appeals for that period." The town clerk received the letter on January 11, 1999, and, in a letter dated January 11, 1999, the chair of the select board appointed a *"temporary Alternate member of the Zoning Board of Appeals . . . a* one year appointment beginning on January 11, 1999 and expiring on January 1, 2000" (emphasis original).

The named plaintiffs appealed to the District Court pursuant to G. L. c. 40A, § 17. After an evidentiary hearing, the trial judge rejected the claim that the special permit was invalid because of Woglom-related concerns and also rejected the claim that the grant of the special permit would cause increased vehicular traffic and a diminution of the neighborhood's residential character and property values. He accordingly found that the grant was in harmony with the purpose and intent of the town by-law and discerned no basis in fact or law for annulling the board's decision. The plaintiffs filed a timely notice of appeal to this court.

*Discussion. Validity of special permit.* General Laws c. 40A, § 9, requires that a special permit granting authority — here, the board — take final action on an application for a special permit within ninety days (unless otherwise extended) of the public hearing on such application. Final action within the meaning of § 9 occurs when the board records the result of its vote concerning the application with the town clerk. *Board of Aldermen of Newton* v. *Maniace*, 429 Mass. 726, 731 (1999). In like manner, § 11 requires that the board, upon the grant of a special permit, issue to the special permit applicant a copy of its

decision, certified by the special permit granting authority and, inter alia, certifying that copies of the decision have been filed with the town clerk.

The plaintiffs do not question the timeliness of the filing of the board's decision with the town clerk. They contend instead that the special permit was infirm because Woglom was not a member of the board on February 1, 1999, the date the decision was filed with the town clerk. The trial judge rejected this contention because he determined that Woglom, on that date, "was a duly appointed alternate member of the Zoning Board of Appeals, who had been granted a temporary leave from her duties. Therefore, the decision filed on such date had full force and [effect]." Woglom's legal status on February 1, 1999, is not dispositive of the issue, however, because the relevant date for ascertaining the validity of the permit is instead January 7, 1999, the date when the board approved the special permit at a public hearing. On that date, Woglom's status as a member of the board is unquestioned.

In *Yaro* v. *Board of Appeals of Newburyport*, 10 Mass. App. Ct. 587, 590 (1980), we interpreted the open meeting law as requiring a zoning board to deliberate and arrive at its decision under public observation. After such a decision occurs, the filing of the decision is a necessary but ministerial act, simply memorializing the action taken at the meeting. See *id.* at 591 ("[The law does] not require a board to hold a public hearing for purposes of reducing to writing a decision reached at a meeting which was open to the public and where accurate records of the meeting are kept and the substance of the decision was made known to the public"). Cf. *Kay-Vee Realty Co.* v. *Town Clerk of Ludlow*, 355 Mass. 165, 168 (1969) (final action is complete under subdivision control law when board files a certificate of decision, which is a " 'written assurance or official representation, that some act has or has not been done, or some event occurred, or some legal formality [has] been complied with.' Black's Law Dictionary [4th ed.]"). Compare *Mullin* v. *Planning Bd. of Brewster*, 17 Mass. App. Ct. 139, 144 (1983). The decision and statement of reasons filed cannot vary in substance from the decision taken at the meeting. See *Tenneco Oil Co.* v. *City Council of Springfield*, 406 Mass. 658, 659-660

(1990). Thus, where a decision filed simply mirrors the result voted upon at a valid board meeting, as here, the disability of a member subsequent to the meeting does not render the decision void.

It is uncontroverted that Woglom was a member of the board as of January 7, 1999, the date the board voted to approve DiVirgilio's application. The decision that was filed thereafter, with her approval, was not infirm even if Woglom ·was not at the time an active board member. Cf. *Nessralla* v. *Peck*, 403 Mass. 757, 761 (1989) (judge's findings of fact and conclusions of law that were drafted before resignation, but not issued in final typed form until after resignation, were not invalid).

*Signature.* The plaintiffs' contention that the clerk's certificate was illegal because it was signed by Faye at Woglom's behest is without merit, especially given the lack of any statutory edict that the decision be signed by all members. See G. L. c. 40A, §§ 9, 11; *Tanner* v. *Board of Appeals of Belmont*, 27 Mass. App. Ct. 1181, 1182 (1989). See also Restatement (Second) of Agency § 27 (1958).

*By-laws.* Finally, the plaintiffs contend that the special permit conflicts with the town's zoning by-laws insofar as the gross floor area of the supplemental apartment exceeds the 600-foot maximum if either the square footage of the staircase or of the attic had been included in the calculation, as plaintiffs argue should have occurred. The contention is unavailing.

Section 5.011 of the Amherst zoning by-laws provides:

"Supplemental Apartment — The Board of Appeals may authorize a Special Permit . . . one supplemental apartment accessory to the use of a one-family dwelling, provided that:

"5.0110 There shall be not more than 600 square feet of gross floor area in the supplemental apartment, and

"5.0111 Any one family dwelling in which a supplemental apartment is constructed shall not be used simultaneously as a Rooming House."

"Gross floor area" is not further defined in the by-laws, but the board, in effect, interprets the term as connoting habitable

space, as it excluded the stairs and attic from its calculation. The reasonable construction that a zoning board of appeals gives to the by-laws it is charged with implementing is entitled to deference. *Advanced Dev. Concepts, Inc.* v. *Blackstone*, 33 Mass. App. Ct. 228, 231 (1992). See *Livoli* v. *Zoning Bd. of Appeals of Southborough*, 42 Mass. App. Ct. 921, 922-923 (1997).

The board's interpretation here is, we think, entirely reasonable, especially given the relatively meager size of the maximum square footage. See *ibid.* (board's interpretation of the town by-law is literally correct and not contextually an unreasonable one). The plaintiffs refer us to *Leominster Fuel Co.* v. *Scanlon*, 243 Mass. 126, 127 (1922) ("a lease of a floor or story of a building includes its outer walls"), for the proposition that the exterior staircase must be included within the relevant calculation because it is enclosed within the building's outside walls. That case, however, deals with landlord-tenant relations, and, we think, is without bearing upon the reasonableness of a zoning board's interpretation of its town's zoning by-laws.

*Judgment affirmed.*