JAMES A. CARDWELL & others, trustees,[1] *vs.* BOARD OF
APPEALS OF WOBURN.

No. 03-P-338.

Middlesex. February 5, 2004. - May 3, 2004.

Present: CYPHER, COWIN, & GREEN, JJ.

*Zoning,* Board of appeals: decision; Issuance of permit; Constructive grant of
relief; Conditions; Low and moderate income housing.

This court concluded that any requirement for written notice of a decision of a
town's zoning board of appeals on an application for a comprehensive
permit was directory rather than mandatory, and that the failure of the
defendant board of appeals to issue such a written notice within forty days
after termination of a public hearing on such an application did not result
in constructive approval of a permit, where the board had reached its deci-
sion, by the required majority vote, within the specified statutory period.
[119-123]

CIVIL ACTION commenced in the Superior Court Department on
November 16, 2001.

The case was heard by *Janet L. Sanders,* J., on a motion for
summary judgment.

*Brian W. Blaesser* for the plaintiffs.

*Steven C. Fletcher* (*Gary S. Brackett* with him) for the
defendant.

GREEN, J. At issue in the present case is whether G. L. c. 40B,
§ 21, entitles an applicant to constructive grant of a comprehen-
sive permit when a zoning board of appeals votes to approve
the permit, with conditions, within the forty-day time period
prescribed by that section, but does not record its vote in a writ-
ten decision until after the forty days have elapsed. We conclude

---

[1]Ernest A. Gerardi, Jr.; Ned S. Holmes; Robert P. Kogod; James H. Polk,
III; John M. Richman; John C. Schweitzer; R. Scot Sellers; and Robert H.
Smith, as they are trustees of the Archstone-Smith Operating Trust.

that the board's vote satisfies the statutory mandate to "render a decision" within the forty-day period, and that the plaintiffs accordingly are not entitled to constructive approval of their requested permit without conditions.

*Background.* The plaintiffs, trustees of the Archstone-Smith Operating Trust (Archstone), applied under G. L. c. 40B, §§ 20-23, for a comprehensive permit to develop a 640-unit apartment complex in Woburn. After a public hearing that extended over a number of dates and terminated on July 25, 2001, the defendant, the board of appeals of Woburn (board), voted at a public meeting held on August 22, 2001, to approve Archstone's application, with conditions. At a public meeting held on September 5, 2001, the board approved the written decision that recorded its August 22 vote. The written decision, signed by the board's chair, was thereafter filed with the Woburn city clerk on September 10, 2001. The fortieth day following termination of the public hearing was September 3, 2001, after the board's vote but before its approval and filing of the written decision recording its vote.

On September 12, 2001, Archstone appealed from the board's decision to the housing appeals committee (HAC) of the Department of Housing and Community Development. On November 16, 2001, while that appeal remained pending, Archstone filed a complaint in the Superior Court, seeking a declaration that its application had been constructively approved. The case is here on Archstone's appeal from a judgment entered following denial of its motion for summary judgment.

*Discussion.* General Laws c. 40B, § 21, sets forth the procedures governing the consideration by a zoning board of appeals of an application for a comprehensive permit under that chapter to build low or moderate income housing. Among other things, the board is required to hold a public hearing within thirty days after receiving the application, and to "render a decision, based upon a majority vote of said board, within forty days after the termination of the public hearing." G. L. c. 40B, § 21, as appearing in St. 1989, c. 593, § 1. The statute also provides that "[i]f said hearing is not convened or a decision is not rendered within the time allowed, unless the time has been extended by mutual agreement between the board and the ap-

plicant, the application shall be deemed to have been allowed and the comprehensive permit or approval shall forthwith issue." *Ibid.*

In support of its claim that the "decision" required by § 21 within the prescribed forty-day period must be in writing, Archstone observes that in the event of an appeal to the HAC under G. L. c. 40B, § 22, the board is required to "transmit a copy of its decision and the reasons therefor to the committee"; a decision in written form is accordingly an integral component of the process of taking an appeal from a decision on a permit application. See G. L. c. 40B, § 22, as appearing in St. 1998, c. 161, § 260. In response, the board notes that § 22 explicitly requires the HAC, within thirty days after termination of its hearing, to "render a *written* decision" on the appeal (emphasis supplied).[2] *Ibid.* The absence of an explicit provision requiring a written decision within forty days under § 21, when compared to the explicit requirement for a written decision within thirty days under § 22, suggests strongly that the decision required to meet the forty-day limit under § 21 need not be in writing. See *Hartford Ins. Co.* v. *Hertz Corp.*, 410 Mass. 279, 283 (1991) ("[a]s a general rule, when the Legislature has employed specific language in one part of a statute, but not in another part which deals with the same topic, the earlier language should not be implied where it is not present"). See also *Milton Commons Assocs.* v. *Board of Appeals of Milton*, 14 Mass. App. Ct. 111, 118 (1982) (noting that requirement to file decision with town clerk, imposed under G. L. c. 40A, § 15, is "conspicuously absent" from G. L. c. 40B, § 21).

In addition, the HAC has promulgated regulations governing the procedures it employs in considering appeals under G. L. c. 40B, § 22. Under 760 Code Mass. Regs. § 30.06(8) (2001), an appeal from a board's action on an application for a comprehensive permit "shall be taken within 20 days after the date of the notice of the decision by the Board. The decision of the Board shall be memorialized by a written decision. Notice

---

[2]By contrast to the time period imposed under § 21, the thirty-day limit imposed on the HAC under § 22 is directory; "failure to adhere to the schedule does not result in a constructive grant or denial." *Milton Commons Assocs.* v. *Board of Appeals of Milton*, 14 Mass. App. Ct. 111, 118 n.4 (1982).

of the decision shall consist of receipt by the applicant of the written decision by certified mail or hand delivery. An appeal may also be taken if no written decision is received within 40 days after the termination of the public hearing." That regulation accordingly implies that the decision required under § 21 within the prescribed forty-day period to avoid constructive approval need not be in writing; if the failure to issue a *written* decision within forty days resulted in constructive approval, there would be no need for an appeal.[3]

We conclude that any requirement for written notice of a decision of the board of appeals on an application for a comprehensive permit is directory rather than mandatory. A board's failure to issue a written notice of decision within forty days after termination of the public hearing will not result in constructive approval of the permit so long as the board has reached its decision, by the required majority vote, within the specified statutory period. If the board's decision must be expressed in writing within forty days to avoid constructive approval under § 21, it is for the Legislature to state as such.

Our conclusion is consistent with the treatment of provisions for constructive approval under other land use statutes. See *O'Kane* v. *Board of Appeals of Hingham,* 20 Mass. App. Ct. 162, 164 (1985) (requirement that board of appeals "act" on variance application within seventy-five days met if board decides within that period, even if decision not filed with town clerk until after period expires); *Burnham* v. *Hadley,* 58 Mass. App. Ct. 479, 483 (2003) (board allowed to file its decision within fourteen days following period in which it must "act"). Compare *Building Inspector of Attleboro* v. *Attleboro Landfill, Inc.,* 384 Mass. 109, 110-113 (1981) (application for special

---

[3]In its reply brief, Archstone argues that the HAC's regulation is invalid to the extent it suggests the possibility of an appeal if no written decision issues under § 21 within forty days because that result is inconsistent with Archstone's interpretation of § 21 that constructive approval follows from the absence of a written decision within that time period. The argument is circular, in that it depends on Archstone's proffered (and preferred) construction of § 21. Instead, "[a]n administrative agency, like [the HAC], has considerable leeway in interpreting a statute it is charged with enforcing, and regulations adopted by the agency stand on the same footing as statutes, with reasonable presumptions to be made in favor of their validity." *Student No. 9* v. *Board of Educ.,* 440 Mass. 752, 762-763 (2004).

permit constructively allowed when planning board failed to file decision with city clerk within ninety days, under statute requiring "final action" within that period); *Selectmen of Pembroke* v. *R. & P. Realty Corp.*, 348 Mass. 120, 125-126 (1964) (subdivision plan constructively approved when planning board did not file certificate of its "final action" with town clerk within required time). Cf. *Aldermen of Newton* v. *Maniace*, 429 Mass. 726, 731 (1999) (timely filing of document which denied special permit but did not detail supporting reasons sufficed as "final action," avoiding constructive grant).

We are mindful of the legislative purpose, inherent in the requirement for timely action on an application for a comprehensive permit, "to effect an expedited procedure" for action on an application for a comprehensive permit, *Milton Commons Assocs.* v. *Board of Appeals of Milton*, 14 Mass. App. Ct. at 118, in furtherance of the overarching goal of "promoting the construction of low and moderate income housing," *Board of Appeals of Hanover* v. *Housing Appeals Comm.*, 363 Mass. 339, 355 (1973). Our conclusion does not derogate from that purpose. The zoning board of appeals must act timely on an application for a comprehensive permit, and it must do so at a duly noticed public meeting. Cf. *Yaro* v. *Board of Appeals of Newburyport*, 10 Mass. App. Ct. 587, 591 (1980). If the applicant is displeased with the board's decision, it may appeal to the HAC.[4] There is no need in the circumstances to visit on a board which acts on a permit application within the time speci-

---

[4]In the case of a vote denying the application, the applicant's choice is simple. Archstone expresses the fear that an applicant in its circumstances faces a more difficult task because it must determine without benefit of a written decision whether any of the permit conditions are objectionable. While we recognize that difference, we note that the applicant's twenty-day appeal period does not begin to run until notice of the decision. In addition, an applicant may also appeal to the HAC under 760 Code Mass. Regs. § 30.06(8) (2001), if the board fails to issue a written decision within the required time. We also expect that a project applicant ordinarily will be able to recognize the imposition of unacceptable conditions to an approval on hearing the board's vote at the public meeting. Of course, the board's written decision must be consistent with the terms of its vote. See *Cameron* v. *DiVirgilio*, 55 Mass. App. Ct. 24, 27 (2002). We need not decide in the present circumstances what additional remedies (other than an appeal to the HAC) might be available to an applicant faced with a board's prolonged refusal to issue written notice of an adverse decision.

fied in § 21 the "heavy penalty of a constructive grant." *Aldermen of Newton* v. *Maniace*, 429 Mass. at 730.

For the reasons above stated, we agree with the motion judge's conclusion that Archstone is not entitled to constructive approval of its requested comprehensive permit, though we note that a judgment of dismissal entered on the plaintiffs' complaint seeking a declaratory judgment. We accordingly vacate the judgment of dismissal, and remand for entry of a judgment declaring that Archstone is not entitled to constructive approval of the comprehensive permit for which it had applied. See *Connery* v. *Commissioner of Correction*, 33 Mass. App. Ct. 253, 254 n.4 (1992), *S.C.,* 414 Mass. 1009 (1993).

*So ordered.*